Gaughe agt. Laroche.

## SUPERIOR COURT.

### GAUGHE agt. LAROCHE.

On an application for an examination of an adverse party as a witness under § 391 of the Code, it is not the practice to make an *order* in such cases. The *notice* is sufficient without it specifying the time, place and the judge before whom the examination is to be had.

The 392d section seems to require that a *summons* shall be issued by the judge to compel the attendance of the party, such as was issued under the Revised Statutes, upon a conditional examination. (2 *R. S.* 393, § 10.)

Therefore both the *notice* under § 391 of the Code, and the *summons* under the Revised Statutes, appear necessary, at least to lay the ground for a *punishment* or *process.*

If the party refuse to attend and testify, he may be punished as for a contempt, and his complaint, answer, or reply may be stricken out. (§ 394.)

Thus, then, if the applicant finds it most important to have the actual examination, he may procure the attendance by the warrant under the statute; if he is content with the remedy given by the 394th section, he may adopt that, and have the pleadings stricken out, and no doubt proceed as for the contempt, or may have either mode of redress.

Where it is required that the party to be examined produce books and papers, the proper course is the service of a *subpœna duces tecum.*

*New-York Special Term, Oct.,* 1857.

EXAMINATION of an adverse party under §§ 391 and 392 of the Code.

Mr. Bryan for the applicant, submitted an affidavit and order directing, among other things, the production of books and papers, or to show cause why he should not produce them.

—————— ————, *for plaintiff.*

MR. BRYAN, *for defendant.*

Gaughe agt. Laroche.

Hoffman, Justice. It is not the proper practice to make an order in such cases. The notice is sufficient without it specifying the time, place and the judge before whom the examination is to be had.

The 392d section provides, that the party to be examined, as in the last section provided, shall be compelled to attend in the same manner as a witness who is to be examined conditionally: and it appears to be considered as necessary that a summons should be issued by the judge, such as was issued under the Revised Statutes upon a conditional examination. (2 R. S. 393, § 10.) The form of such a summons is to be found in *Burrill's Practice, Appendix*, 482.

The 391st section of the Code seems also to refer to such a proceeding, providing that the party shall only be compelled to attend in the county of his residence, or where he may be served with a summons for his attendance.

Mr. Justice Roosevelt, in *Bleecker* agt. *Canoll*, (2 *Abbott's Rep.* 82,) decides that a subpœna is not proper, but a summons is the proper course, which is defined in the statute to be "a requisition, under the hand of the judge or officer issuing the same." (*See, also, Jarvis* agt. *Clark*, 12 *Legal Observer*, 129.)

Both the notice, then, under the 391st section, and the summons under the Revised Statutes, appear necessary, at least to lay the ground for a punishment or process.

In relation to the proceedings against a party, it may be noticed that the 392d section prescribes that, to obtain attendance the course shall be such as in the case of a witness examined conditionally. The 51st section of the Revised Statutes (2 R. S. 401) directs the mode of serving a summons: the 55th prescribes a liability to damages, and a forfeiture of $50; and the 56th authorizes the issuing of a warrant to the sheriff by the judge or officer, to bring the witness up to be examined, in case of his failure to attend. The 57th provides for the case of his refusing to answer. Other sections relate to the form and nature of the warrant.

The 394th section of the Code, however, provides that if the party refuse to attend and testify, he may be punished as

for a contempt, and his complaint, answer, or reply may be stricken out.

Thus, then, if the applicant finds it most important to have the actual examination, he may procure the attendance by the warrant under the statute.  If he is content with the remedy given by the 394th section, he may adopt that, and no doubt proceed as for the contempt, and also have the pleadings stricken out, or have either of these modes of redress.

The general statute as to contempts (2 *R. S.* 535, § 1, *sub.* 5) covers the case of persons summoned as witnesses for refusing to obey the summons or to be examined.

The counsel has made it part of the order which he submits, that the party produce certain books, &c., relating to the matters in question.  I apprehend that the course, in such a case, is by the *subpœna duces tecum.* (*Jarvis* agt. *Clark*, 12 *Legal Observer*, 129.)

The following summons was signed by the judge :—