LIZZIE H. CLARK, Respondent, *against* MARVIN R. CLARK, Appellant.

(Decided June 7th, 1886).

In an action for divorce brought by a wife, after failure by the husband to answer the complaint, leave to answer was granted him upon terms that he should pay certain referee's fees and counsel fees within a time limited. He served an answer, but failed to pay the whole of the fees directed to be paid, or of the alimony previously granted to the wife, whereupon an order was made adjudging him guilty of contempt therefor. *Held*, that the court had power to strike out his answer.

APPEAL from an order of this court in an action for divorce, striking out defendant's answer containing substantially a general denial, on the ground that the defendant had failed and neglected to comply with an order of the court, directing the payment of alimony, referee's and counsel fees.

The facts are stated in the opinion.

*E. P. Wilder*, for appellant.

*Abram Wakeman*, for respondent.

BOOKSTAVER, J.—The defendant appeared in the action, and opposed the granting of any alimony to his wife, but did not answer. The sum of $8.00 per week was granted as alimony, and because of the defendant's failure to answer, an order of reference was taken in due course. After several hearings before the referee, the defendant asked leave to answer, which was granted, by default at first, and afterwards the order was allowed to stand by an order made on the 11th of December, 1884, but the court imposed, as additional terms, that defendant should pay the referee's fees already accrued, and also $100 counsel fees, to plaintiff's counsel, within a time limited by the order. Thereupon defendant interposed the answer in question and proceeded with the reference for a time, but failed to pay the whole of the alimony, counsel and referee's fees, and on the 19th of May, 1885, an order was made at the Special Term of this court, adjudging the defendant guilty of and in contempt of the court for such failure, and directing that the defendant "stand committed to the common jail of the City and County of New York, there to remained charged upon said contempt," until he should pay the sums directed by that order. This order also directed that a commitment issue unless the amounts by said order directed to be paid, should be paid within five days. It also provided that defendant should diligently proceed with the trial of the action.

Some payments seem to have been made under this order, but they were again stopped, and on the 15th of July, 1885, plaintiff moved the court at Special Term to strike out the answer for the non-payment of the residue of alimony, counsel fees &c. The court again decided that the defendant must pay them on or before the 27th of August, 1885, or in the event of his failure to do so, an order was to have been entered striking out his answer. No formal order was entered on this decision, but some payments seem to have been made under it.

The defendant, however, again made default, and on the 26th of October, 1885, the plaintiff moved, on all the papers and proceedings in the case, to strike out defendant's

Clark v. Clark.

answer, which resulted in an order of the Special Term, dated November 30th, 1885, granting plaintiff's motion, unless the defendant should, within 20 days from the service of the order, pay the alimony due at the time of the hearing of that motion, amounting to the sum of $251; and also the referee's fees, then due, amounting to $72; and the balance of counsel fees, amounting to $50.

This order recited, among other things, that it was made "upon the opinions, orders and papers used upon the former motions herein."

On the 11th of January, 1886, the defendant having failed to comply with this order, a final order was made striking out the answer which the defendant, after default, had been allowed to interpose, by order of the court dated 11th of December, 1884.

The power to strike out a defense in an action in equity, for refusal to obey orders of the court, existed in the Court of Chancery, and now exists (*Walker* v. *Walker*, 82 N. Y. 260). This, irrespective of the question whether the defendant is within or without the jurisdiction of the court (*Brisbane* v. *Brisbane*, 34 Hun 339).

The power of the court over its suitors does not rest on this ground, but on the ground that the party is in contempt of court. Indeed, it would seem that if a suitor, instead of removing from the jurisdiction of the court, remains in it and defies its authority, he is more clearly guilty of contempt than if he ran away.

If this power is inherent in the court, and can be exercised by it in all cases where a party is in contempt, much more has it the power in a case like the present, where the defendant was permitted to answer after default, and from the opinion of the court it is clearly apparent that the payment of the counsel fee and referee's fees was intended as a condition of letting the answer stand, although not so expressly stated in the order allowing it. If defendant failed to perform the conditions on which he was allowed to answer, we think the court had the right to strike it out,

even if the court did not possess the general power to strike out the answers of those in contempt.

But appellant contends that neither the preliminary order of November 30th, 1885, nor the final order of January 11th, 1886, adjudged the defendant guilty of contempt. We do not understand that it is necessary for the order to adjudge the party proceeded against guilty of contempt, in terms; it is sufficient if it appears he was guilty of contempt in fact.

But if the contrary were the case, then the order of November 30th, 1885, sufficiently adjudges him guilty of contempt by reciting the "orders and papers used upon the former motions," among which was the order of May 19th, 1885, which did, in express terms, adjudge defendant guilty of contempt, and order commitment to issue *nisi*.

This order has never been reversed or appealed from and is in full force.

We think the order appealed from should be affirmed, with costs.

BEACH, J., concurred.

Order affirmed, with costs.