## In re STEWARD.

(*Circuit Court, S. D. New York.* February 11, 1887.)

WITNESS — MASTER APPOINTED IN ONE DISTRICT COMPELLING ATTENDANCE IN ANOTHER.
> The United States circuit court in one district has power. under rule 78 in equity, to issue a subpœna requiring a person living in that district to appear and testify before an examiner, or before a master appointed in another circuit, and who is discharging the duties of his office in the former district, and may also, under that rule, punish the witness for refusing to obey the subpœna.

In Equity.

*Robert G. Ingersoll,* for the motion.

*Thomas Thacher,* against the motion.

SHIPMAN, J.    The circuit court of the United States for the district of Indiana appointed A. J. Ricks, Esq., special master, to take and state the accounts of a receiver in two cases pending before said court, and, among other things, to inquire and report into the amount, consideration, and ownership of any receiver's certificates which may have been issued by said officer.    The master found it necessary to take the testimony in the city of New York of some witnesses living in said city, obtained an order of this court for a subpœna, which was duly issued by the clerk, and was duly served upon Herbert Steward, a person who has his legal domicile in Connecticut, but who lives in this district.    Steward personally attended before the master on the day, but not at the hour, named in the subpœna, and promised to attend again at the hour appointed by the master, but did not do so.    By order of this court he was again subpœnaed to appear and testify before the master, at a named place in said city, and on a named day, and, in default of appearance, was directed to appear before this court on another day to show cause why he should not be punished for contempt.    The subpœna and notice were duly served, Steward did not obey the subpœna, the parties have now appeared, and the question at issue is as to the power of this court, by its subpœna, to compel Steward's attendance before the special master appointed by another circuit court in a cause pending therein.

It is settled, and the practice has been in accordance with the decision, that a circuit court in one district has power, under the sixty-seventh rule in equity, to appoint a special examiner to take testimony in another circuit.    *Railroad Co.* v. *Drew,* 3 Woods, 691.    The decision is founded upon the literal language of the rule, and is justified by the fact that a different construction would prevent the convenient taking of testimony.    If circuit courts have such power, I am of opinion that under rule 78 this court has power to issue a subpœna commanding a person living in this district to appear and testify before an examiner, or before a master who has been appointed by another circuit, and who is discharging the duties of his office in this district, and is also enabled

under said rule to punish such person for refusing to obey the subpœna. A power in the circuit courts to appoint an examiner or a master to take testimony, beyond the jurisdiction of the court which appointed him, would not be very useful unless the court within the jurisdiction possessed also the power to compel the attendance of witnesses before such officer. Rule 78, which was passed under the general authority of the supreme court to prescribe "the modes of taking and obtaining evidence" to be used in equity suits, recognizes such power. I find that said Steward has been guilty of contempt, but, as the object of the hearing has been to obtain the opinion of the court upon the questions of law, I shall not impose a large fine; but I direct that he pay, as a penalty for said disobedience, the costs and the disbursements pertaining to the disobeyed subpœna, and to this proceeding for contempt, to be taxed and allowed by the clerk.