ZIMMERMAN, respondent, *v.* ZIMMERMAN, appellant.

*Chancery powers of district courts of Montana, and authority to punish for contempt thereunder, defined.* — Sections 1868 and 1910 of the Revised Statutes of the United States invest the district courts of Montana with all the chancery power which formerly belonged to chancery in England; and in the punishment of contempts for the disobedience of orders made by them on their equity side, they are not limited to the punishment provided by the statutes of the territory.

*Divorce a chancery proceeding.* — By section 508, division 5, of the Revised Statutes of Montana (sec. 999, div. 5, Comp. Stats. Mont.), the action of divorce in Montana is a chancery proceeding.

*In a divorce proceeding, a district court of the territory has power to order a defendant's answer stricken from the files in punishment of his disobedience of an order for alimony.* — In the case at bar, an action for divorce, the plaintiff filed a petition praying for alimony *pendente lite.* The prayer for alimony was granted, and it was ordered by the court that if the alimony was not paid by the defendant, his answer, already filed in the suit, should be stricken from the files. Afterwards the court denied a motion on the part of the plaintiff, that defendant's answer be stricken out because of his failure to pay the alimony ordered, and upon the hearing of a motion by defendant's counsel to vacate the said order for alimony, modified the same. Thereafter, upon an affidavit filed setting forth that the modified order for alimony had been disobeyed by the defendant, the court ordered that his answer be stricken from the files. The defendant was a non-resident and absent from the territory, and no other punishment could have been resorted to than that inflicted. *Held,* that the defendant being out of its jurisdiction, the court had power to refuse to hear his answer, while he was in contempt of its authority.

*When an order of court is modified upon application of his own counsel, a defendant cannot be heard to complain of want of notice of the modified order.* — In the above case the defendant had had personal notice of the original order for alimony, but no notice of the modified order, which, however, was made upon application of his counsel. *Held,* that the defendant having had due service of the original order for alimony, and the modification of the same having been made upon his own application, through his counsel, he could not complain of receiving no notice of said modified order.

*Appeal from District Court, Gallatin County.*

LUCE & LUCE, and F. K. ARMSTRONG, for the appellant.

The disobedience of the order for alimony is within the definition of contempt, and the punishment was striking defendant's answer from files. Sec. 566, subd. 5, div. 1, Rev. Stats. Mont. The punishment of contempt under our statutes can only be by fine and imprisonment, or both. Secs. 573, 574, 578, div. 1, Rev. Stats. Mont.; *Galland* v. *Galland,* 44 Cal. 475. The power of a court to punish for contempt is to be exercised under the circumstances and in the manner prescribed by law. *Bachelder* v. *Moore,* 42 Cal. 412. Before a person can be adjudged guilty of a contempt for the disobedience of an order, the order must have been properly served on him. *Johnson* v. *Superior Court,* 63 Cal. 578; *Galland* v. *Galland supra.* A husband living separate from his wife, and who has been adjudged to pay a certain sum monthly, is not guilty of contempt, if he is unable to pay, and has not created his disability for the purpose of avoiding payment. *Adams* v. *Haskell & Woods,* 6 Cal. 317; *Ex parte Cohen,* 6 Cal. 319; *Galland* v. *Galland, supra; Myers* v. *Trimble,* 3 E. D. Smith, 612.

The contempt was not committed within the immediate view of the court, and an affidavit setting forth the facts thereof should have been filed. Sec. 568, div. 1, Rev. Stats. Mont. The affidavit filed, being defective, gave the court no jurisdiction. *Galland* v. *Galland, supra; Ex parte Cohen,* and *Johnson* v. *Superior Court, supra.* The notice to defendant to appear and answer the complaint entitled him to be heard, and a denial of his right to be heard renders the decree void. *Windsor* v. *McVeigh,* 93 U. S. 274. The defendant having appeared and answered under oath, the court had no jurisdiction to appoint a referee and enter a decree upon his report. The case should have been tried by a jury. Sec. 511, div. 5, Rev. Stats. Mont.

SAVAGE & ELDER, for the respondent.

Every court shall have power to compel obedience to its lawful judgments, orders, and proceedings. Sec. 529, div. 1, Rev. Stats. Mont. The court may refuse to proceed with the action until its orders *pendente lite* have been complied with. *Winter* v. *Superior Court*, 11 Pac. Rep. 633; *Newhouse* v. *Newhouse*, 12 Pac. Rep. 422. A court is not limited to fine or imprisonment in enforcing obedience to its orders. It can refuse the benefit of its proceedings to a party in contempt; and such refusal is not regarded as a punishment for the contempt. *Walker* v. *Walker*, 59 How. Pr. 476; *Brinkley* v. *Brinkley*, 47 N. Y. 40; *McClung* v. *McClung*, 40 Mich. 493; *McCrea* v. *McCrea*, 58 How. Pr. 220; *Peel* v. *Peel*, 50 Iowa, 501; *Mason* v. *Mason*, 15 Ga. 405.

THE opinion states the case.

GALBRATH, J. This was an action for divorce and alimony. At the time the respondent filed her complaint, viz., 26th of March, 1886, she also filed her petition to the court for alimony *pendente lite*. After the pleadings were all filed in the action, viz., upon the 26th of April, 1886, the order for alimony *pedente lite*, as prayed for, was made. This order provided, further, that if the alimony was not paid, the appellant's answer should be stricken from the files, and himself proceeded against in the manner provided by law for the enforcement of the order. On the 4th of October, 1886, a motion to strike the answer of the appellant from the files was made, for the reason that he had not complied with the order of the court requiring payment of the alimony. It appears that the above order of the court, allowing alimony, was served upon the appellant on the twenty-sixth day of May, 1886, at Elko County, Nevada. On the fifth day of October, 1886, a motion was made to

vacate and set aside the order allowing alimony pending the action. On the 9th of October following, the court overruled the motion to strike the answer of the appellant from the files, and modified the former order allowing alimony *pendente lite.* On the 11th of December, 1886, the court, upon affidavit that the modified order had been disobeyed, ordered the answer of the appellant stricken from the files. Thereafter the court ordered the cause to be referred as in the case of default, and upon the report of the referee, ordered a decree of divorce and permanent alimony. From this decree this appeal is taken, and the only error complained of is the action of the court in striking from the files the appellant's answer.

The first question for our consideration is, Did the district court have the power to make this order striking the appellant's answer from the files for disobedience to its mandates? 2. If so, was the order properly made, under the peculiar circumstances of this case? It is admitted that this order was made as a punishment for contempt in disobeying the order of the court in relation to the payment of alimony. It is claimed by the appellant that as our statutes have provided for the punishment of contempt, this is a limitation upon the power formerly exercised by the courts in such cases, upon the principle, we presume, of the maxim, *Expressio unius, exclusio alterius;* and we are referred to the case of *Galland* v. *Galland,* 44 Cal. 475, as sustaining this doctrine. Upon an examination of this case, we find that the portion of the opinion relied upon to uphold this view is *obiter dictum.* The court, after referring to the punishment provided by the statutes of California for contempt, uses this language: "This is a limitation upon the power formerly exercised by the courts for contempt; but whether courts in this state can exercise power in this respect in cases not named in the statute,

or otherwise than it has provided, we are not called upon in this case to consider."

Upon the other hand, it is contended that the court is not limited to the punishment for contempt provided by the statute in case of disobedience to its orders; that it has control of its own proceedings, and can refuse the benefit of them to a party in contempt. In the case of *Walker* v. *Walker*, 59 How. Pr. 476, which was an action in divorce, the answer of the defendant was stricken out, upon his default being shown to comply with an order *nisi* of the court that he pay alimony within five days. This order was appealed to the general term, where it was affirmed, and from thence taken to the court of appeals. In this case it "was conceded by the defendant," and impliedly held by the court, "that the supreme court, on its equity side, has all the power and authority that formerly existed in chancery in England, and was continuously exercised by it." The same concessions must be made in the case at bar.

Our organic act provides that "the supreme court and the district courts, respectively, of every territory, shall possess chancery as well as common-law jurisdiction." "Each of the district courts in the territories, mentioned in the preceding section, shall have and exercise the same jurisdiction, in all cases arising under the constitution and laws of the United States, as is vested in the circuit and district courts of the United States." Secs. 1868, 1910, Rev. Stats. U. S. By virtue of the foregoing act of Congress, the district courts of this territory are vested with all the chancery powers which formerly belonged to chancery in England. In the case last referred to, Folger, J., in rendering the opinion, after referring to numerous authorities, both American and English, says: "We are brought to the conclusion that there has long been exerted, by the court of chancery in England, the power to refuse to hear the defendant when he

was in contempt of the court by disobeying its orders, and that that power was in the courts of chancery of this country. . . . . It is always in the power of the defendant, in a case like that in hand, to apply to the court, and show that the order was irregularly made, or for leave to purge himself of the contempt, and be let in again to make his defense "; referring to *Brinkley* v. *Brinkley*, 47 N. Y. 40. In this latter case, which was one for limited divorce, the same judge says: " The special term having made the order, and the defendant having, on service thereof, neglected to comply with it, he has been disobedient of the court, and in contempt of it. The court has power to punish him therefor. This might be fine or imprisonment, or both. But it was not limited to this mode of enforcing its orders. Inasmuch as, after the commencement of the action, he had gone out of the jurisdiction, it would not have availed to have ordered him fined and committed. But it had control over its own proceedings, and could refuse to the defendant the benefit of them, when asked as a favor, until he purged himself of the contempt."

In *Peel* v. *Peel*, 50 Iowa, 522, the court below had stricken the answer of the defendant from the files, for the reason that he had failed to pay the money specified in the order for alimony, and refused afterwards to allow the defendant to show cause why he had not obeyed the order, and thus purge himself of contempt. For this refusal the decree of the court was reversed. But in this case the court, by Beck, C. J., uses this language: "While we are not prepared to hold that a defendant in a divorce case, failing or refusing to obey an order for payment of alimony, may in no case be lawfully visited with punishment, by striking out his answer, the authority should be exerted only in extreme cases, when other punishment cannot be inflicted, or will not enforce obedience."

In the case at bar, by reason of the absence of the appellant, other punishment could not be inflicted than that to which the court resorted, or obedience be compelled thereby. It will be observed that in Iowa the statute provides that the punishment for contempt may be by fine or imprisonment. See also *McClung* v. *McClung*, 40 Mich. 493; *McCrea* v. *McCrea*, 58 How. Pr. 220. In this territory the action of divorce is made, by express statute, a chancery proceeding. Sec. 508, div. 5, Rev. Stats. 1879.

We are of the opinion, therefore, that in such a case as the one at bar, the defendant being out of its jurisdiction, the court has power to refuse to hear a defendant who is in contempt of its authority, and as in the case of *Walker* v. *Walker*, *supra*, to strike his answer from the files.

As to the second inquiry, which is as to whether or not the appellant was in default, and whether the proof thereof is sufficient, this case is in many respects similar to the case of *Walker* v. *Walker*, *supra*. In this case the appellant resided without the jurisdiction of the court, while in that case the defendant, upon the making of the order of alimony, left the state. But there is in this respect no difference in principle. The parties in both cases were, at the time the order should have been obeyed, both beyond the jurisdiction of the court.

In the case last cited, the order *nisi* for alimony, as it was at first issued, was disobeyed, and in this case the disobedience was to such a modified order. But this, we hold, makes no material difference. It is contended that the court did not have jurisdiction in the matter of contempt, because he had no notice of the order modifying the first order for alimony. But this order was made upon his own application, through the interposition of counsel to vacate the order for alimony, and after hearing thereon. He had been duly served with the first or-

der, and he cannot be heard to complain that he had no notice of the modification thereof, made in consequence of his own motion, after a hearing in which he appeared by counsel, and in his favor. He does not attempt to purge himself of the contempt, but remaining in person beyond the jurisdiction of the court, asks its favor, while he defies its mandates. We think, therefore, that the court had power, upon disobedience of the order *nisi*, to strike the appellant's answer from the files, and that it was properly exercised, under the circumstances of this case.

The decree and the orders appealed from are affirmed, with costs.

*Judgment affirmed.*

McConnell, C. J., and Bach, J., concur.