OCTOBER TERM, 1888. 129.

Beebe & Co. v. The Equitable Mut. Life & Endow. Ass'n.

BEEBE & CO. v. THE EQUITABLE MUTUAL LIFE & ENDOWMENT ASSOCIATION.

1. **Practice**: COMPELLING ADVERSARY TO PRODUCE BOOKS AND PAPERS. Plaintiff served on defendant's secretary a subpoena, directing him to produce at the trial certain papers to be used as evidence. The secretary refused to produce the papers, although admitting that he had them in his possession. Plaintiff, then orally moved the court for a rule on defendant for their production, but the court denied the order. *Held* that this ruling was right, because, under sections 3685-3687 of the Code, the application for such an order must be based upon a petition, stating the facts expected to be proved by the papers. The motion was not directed against the witness for contempt in refusing to obey the subpoena,—which would have made an entirely different case.

2. **Agency**: OF INSURANCE COMPANY: AUTHORITY LIMITED BY CONTRACT. The defendant company employed an agent, designated as general district agent, for a certain specified territory, and he was empowered to solicit and forward applications for insurance, and for his services in that business he was to receive a designated compensation. *Held* that he was not authorized to bind the company for the price of furniture purchased by him for the furnishing of an office for the transaction of his business.

3. ———: ———: ACTS IN EXCESS OF AUTHORITY: ESTOPPEL. In such case the company was not estopped from denying the agent's authority on the ground that he held himself out as a general agent of the company; because there was no evidence that the company knew, before the agent purchased the goods, that he was assuming to transact any business in its name not authorized by his contract of employment.

4. ———: ———: ———: RATIFICATION. In such case, the fact that the company advanced to the agent money to pay certain debts incurred, including this one, without knowing that he had assumed to bind it by the purchase, was not a recognition of his authority to make the purchase in its name, nor a ratification of his act.

*Appeal from Pottawattamie District Court.*—HON. GEORGE CARSON, Judge.

FILED, OCTOBER 30, 1888.

VOL. 76—9

ACTION for goods sold and delivered. There was a trial by the court, and, judgment being for defendant, plaintiffs appeal.

*Flickinger Bros.*, for appellants.

*Wright, Baldwin & Haldane*, for appellee.

REED, J.—I. Plaintiff served on defendant's secretary a subpoena, directing him to produce at the trial certain papers to be used as evidence. The secretary refused to produce the papers, although admitting that he had them in his possession. Plaintiff then moved the court for a rule on defendant for their production, but the court denied the motion, and that ruling is assigned as error. The object of the proceeding was to procure the production of papers which were in the possession of the adverse party. The practice in such cases is prescribed by sections 3685–3687 of the Code. The application must be by petition, stating the facts expected to be proved by the books or papers, and that they are under the control of the party against whom the rule is sought. Plaintiff did not file such petition, but moved the court orally for the rule when the secretary refused to produce the papers. We think the rule was properly refused upon the ground that the application therefor was not made in the manner prescribed by the statute. It is true that a witness may be required by subpoena to produce books or writings in his possession (Code, sec. 3672) ; and it is also true that disobedience of such subpoena would be a contempt of court for which the witness may be punished (Code, sec. 3675) ; but these provisions do not affect the question before us. The rule was not sought against the witness, but against the defendant. The motion did not ask the court to punish the witness for the contempt, but to require the defendant to produce the papers. Clearly the application

*1. PRACTICE : compelling adversary to produce books and papers.*

should have been made in the manner prescribed by the other provisions.

II.  Defendant is a corporation engaged in the business of life insurance, and its principal place of

*2. AGENCY: of insurance company: authority limited by contract.*  business is at Waterloo.  In January, 1886, it appointed W. C. Randall its agent for certain counties in southwestern Iowa. The parties entered into a written contract, by which the powers and duties of the agent were defined.  He opened an office at Council Bluffs, and purchased from plaintiffs a lot of furniture for use in such office, representing to plaintiffs that he was making the purchase for defendant; and by his direction they charged the price of the furniture to it.  And this action is for the recovery of that amount.  By the contract between Randall and defendant he is designated as general district agent for defendant in the territory named, and he was empowered to solicit applications for insurance, and he agreed to devote his time, energy and ability to the work of soliciting and forwarding such applications.  The contract also contains the following provision:  "Said party of the second part [ Randall ] to receive in full compensation for services aforesaid, and for all expenses of procuring applications, collecting and remitting membership fees, except special stationery and supplies, $8.50 1st Div., $5.50 2d Div., and 85 per cent. of accident Dept. of the fee charged by said association for membership; but not including medical examination fee or annual dues."  It is very clear that Randall was not empowered by the contract to bind defendant by any agreement of the character of that sued on.  His employment was to transact a specified business in a particular territory, and for his services and expenses in that business he was to receive a designated compensation.  The agreement which he assumed to make with plaintiff is not within the scope of his employment, as defined by the contract; and the district court rightly held that plaintiff could not recover on the theory that the purchase of the goods was within the authority expressly conferred upon him.  That an

agent whose powers are limited cannot bind his principal by virtue of his employment, by an agreement beyond its scope, is elementary, and there can be no necessity for the citation of authorities in support of the rule.

III. Randall advertised his agency as a branch office of the association, and it was contended that, as

3. ——: ——: by so doing he held himself out as a general
acts in excess
of authority : agent, defendant is now estopped to deny
estoppel.    that he had the powers of a general agent.
That a principal will be bound by an act or contract of his agent beyond the scope of his employment, when he knowingly permitted the agent to hold himself out as possessing the authority to do that act or make that contract, is certainly true, and the rule which holds the principal bound in such cases is founded on the equitable doctrine that one who has made a particular representation, or knowingly permitted it to be made, will not afterwards be permitted to deny the truth of that representation as against a party who has acted upon it, and who would be injured by the denial of its truth. But to hold the principal liable under this rule it must be made to appear that he had knowledge, before the contract sought to be enforced against him was entered into, that the agent was holding himself out as possessing the power to make it. And in the present case it was not shown that defendant knew before Randall purchased the goods that he was assuming to transact any business in its name except that authorized by the contract of employment. So that, while the principle of law contended for by counsel is settled beyond controversy, the facts do not bring the case within the rule.

IV. It was claimed that there was a ratification of the contract by defendant, but the evidence does not

4. ——: ——: establish that claim. It was proven that
——: ratifica-  Randall made application to defendant for
tion.    funds with which to pay certain debts
which he had incurred, and that it advanced a sum for that purpose. The claim sued on was one of the debts which he told defendant he had incurred, but when it

sent him the money it had no knowledge that he had assumed to bind it by the contract of purchase, and it gave him the money as an advancement to him, and not with the view of constituting him its agent to pay the claim. The act of advancing the money cannot, therefore, be regarded as a recognition by defendant of his authority to make the contract or as an assent to it. There was some evidence of a subsequent promise by defendant to pay the debt, but there was a conflict on the question, and the judgment implies a finding by the court against plaintiff on the question, and under the well-settled rule we cannot disturb that finding. The judgment must be

AFFIRMED.