## In re SPOFFORD.

### (Circuit Court, S. D. New York. May 22, 1894.)

1. WITNESS—COMPELLING ATTENDANCE BEFORE MASTER OUTSIDE JURISDICTION OF COURT.

   On the appointment by a circuit court, in a suit in equity, of a master to take testimony in another district, a subpoena to appear and testify before him was issued by the circuit court for that district, and served on a witness therein, who appeared, but refused to be sworn. *Held*, that the witness was punishable for contempt by the court issuing the subpoena.

2. CONTEMPT — PUNISHMENT — REVIEW OF ORDER BY CIRCUIT COURT OF APPEALS.

   Where a witness declines to be sworn, in order to present objections which his counsel might reasonably have supposed well founded, an order punishing him for contempt therefor may be in the alternative, or, if peremptory and final, its operation may be stayed until an appeal can be heard and determined by the circuit court of appeals, if that court has jurisdiction of such an appeal.

An order made in the suit of the Farmers' Loan & Trust Company against the Northern Pacific Railway Company, pending in the circuit court of the United States for the eastern district of Wisconsin, directed that testimony be taken before a master, with leave to take such testimony outside the district. Pursuant to such order, the master appointed proceeded to take testimony at New York City. A petition was presented on behalf of defendants to the circuit court for the southern district of New York for subpoenas to testify. Such subpoenas were issued, and one of them was served on Charles A. Spofford, requiring him to appear before the master, and to testify. Mr. Spofford appeared, but refused to be sworn. An order was obtained in the southern district requiring said Spofford to show cause why he should not be attached and punished as for contempt of court, in failing to obey the command of the subpoena.

Wheeler H. Peckham, for petitioners.

Root & Clarke, opposed.

LACOMBE, Circuit Judge. Although still of the opinion here-tofore expressed in Arnold v. Chesebrough, 35 Fed. 16, the weight of authority in the circuit courts is so strongly the other way that I feel constrained to grant this motion. Railroad Co. v. Drew, 3 Woods, 691, Fed. Cas. No. 17,434; In re Steward, 29 Fed. 813; Johnson Steel Street-Rail Co. v. North Branch Steel Co., 48 Fed. 191; In re Allis, 44 Fed. 217.

As the witness has been in no sense contumacious, but has declined to be sworn or to produce the books only in order to present objections which his counsel not unreasonably supposed to be well founded, the order may be in the alternative. It will, however, be made peremptory and final, if witness' counsel so desire; and in that case I shall, by a subsequent order, stay its operation until appeal can be heard and determined by the circuit court of appeals. The supreme court has, it is true, repeatedly held that it could not, either by appeal or writ of error, review the action of a circuit court, inflicting fine or imprisonment for a contempt (Ex parte Kearney, 7 Wheat. 38; New Orleans v. Steamship Co., 20 Wall. 387; Hayes v. Fischer, 102 U. S. 121), on the expressed ground that no appellate jurisdiction in such cases had been conferred upon it by the laws of the United States. The old common-law rule, however,—that the order of a court, whose decisions on all other questions are reviewable, is sacred, and not be inquired into, when it inflicts punishment for contempt,—seems abhorrent to the sense of natural justice. It puts the property and personal liberty of one individual practically at the mercy of another, who, being human, may presumably act, upon occasions, mistakenly, or from prejudice or passion. And it may well be that the circuit court of appeals may find in the broad grant of appellate jurisdiction to review final decisions of the circuit courts "in all cases other than those [where jurisdiction to review is conferred on the supreme court]," which is contained in section 6 of the act of 1891, sufficient warrant for holding that final orders, such as the one here moved for, may be by it examined into, reversed, or otherwise determined. The case at bar certainly presents interesting questions as to the power of a circuit court to take testimony in equity causes outside of its own jurisdiction, and upon issues other than such as are raised by the pleadings, which have never yet been passed upon by an appellate tribunal.