PATRICK MAHONEY, Respondent, *v.* CORNELIUS DWYER, Appellant.

*Liability for a dangerous animal in a public place — questions which the trial judge may allow or refuse to allow.*

A party has no right to put a dangerous animal in a place where he knows the public are in the habit of traveling, whether such place be a public street or not.

It is within the discretion of the trial judge to allow or refuse to allow answers to be made to questions put to a witness upon the trial of an action, when it appears that, whether answered or not, they would have no legitimate influence upon the verdict, and where the subject to which the evidence relates has been fully inquired into and is understood by the jury.

APPEAL by the defendant, Cornelius Dwyer, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 11th day of April, 1894, upon the verdict of a jury rendered after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 5th day of May, 1894, denying the defendant's motion for a new trial made upon the minutes.

This action was brought to recover damages arising from personal injuries resulting from the defendant's alleged negligence. The complaint contained, among others, the following allegation : " That on the night of the said 15th day of October, 1892, the said heifer was negligently and carelessly permitted by said defendant to be in said highway, and that as the plaintiff passed along the said highway the said heifer sprang at him and inflicted upon him severe and permanent injuries, to his damage ten thousand dollars."

*M. L. Towns,* for the appellant.

*Sanders Shanks,* for the respondent.

PRATT, J. :

This is an appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial.

After a careful reading of the case, we are satisfied the verdict is sustained by sufficient evidence.

It was not essential to show that the lane where the plaintiff was injured was a public street. A party has no right to put a dangerous animal in a place that he knows the public are in the habit of traveling. The plaintiff testified that the lane was used by the people as a thoroughfare. This, without any evidence to the contrary, was sufficient to warrant its submission to the jury.

As to the exceptions taken to the rulings of the judge in excluding evidence upon the trial, it may be said that those matters fairly fell within the discretion of the judge whether to allow or refuse the answers to the questions, it being apparent that whether answered or not they would have had no legitimate influence upon the verdict; besides, the subject to which the evidence related was fully inquired into and could not have failed to have been understood by the jury.

The injury, the subject of inquiry, was exhibited to the jury and experts were examined as to its cause, and the effort to make the plaintiff admit he had suffered from a loathsome disease, after he had refused to answer on the ground that the answer would degrade him, was not material enough to the issue to furnish cause to call for a reversal of the judgment.

Even if plaintiff had had such disease it furnished no defense to the action, but was urged to account for the scar upon his groin,

which was held to have been made with a blunt or semi-blunt instrument.

There is another answer to the exceptions. (1) The questions called for evidence of matters that occurred several years previous to the occurrence under investigation, and (2) the questions were not put so as to refer specifically to the injury complained of.

While we think the verdict was quite ample to compensate the plaintiff, we cannot say it is so excessive as to call for a reversal of the judgment.

The judgment and order should be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment and order affirmed, with costs.