MINA LANDRY, Respondent, *v.* ALBIN LANDRY, Appellant.

First Department, February 5, 1926.

**Husband and wife — separation — plaintiff brought action on for trial — error to deprive defendant of right to defend on ground that he had failed to pay temporary alimony.**

In an action for separation which is brought on for trial by the plaintiff, the court cannot deny the defendant the right to defend or the right to move to dismiss the complaint for failure to state facts sufficient to constitute a cause of action on the ground that at the time of the trial the defendant was in default in the payment of temporary alimony awarded by the court; the only effect of the failure of the defendant to pay temporary alimony would be to prevent him from taking any affirmative action.

APPEAL by the defendant, Albin Landry, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of May, 1925, upon the decision of the court rendered after a trial at the New York Special Term.

*H. A. Vieu,* for the appellant.

No appearance for the respondent.

MERRELL, J. The plaintiff sought in the action to obtain a separation from the defendant by reason of his misconduct rendering it unsafe and improper for the plaintiff to live and cohabit with him. In her complaint the plaintiff alleges acts of cruelty upon which she seeks relief. The defendant answered in the action denying the allegation of the complaint charging the defendant with improper conduct toward the plaintiff. The action being at issue, was brought to trial at equity term and the parties appeared in person and by their respective attorneys. At the opening of the trial counsel for the plaintiff stated that the defendant was in arrears in the payment of temporary alimony and was, therefore, stayed. Over the objection and exception of counsel for the defendant, the court held that the defendant was stayed from proving his defense, and that the plaintiff might go ahead and take an inquest, whereupon proofs offered by the plaintiff to establish her cause of action were permitted to be given by the trial court without the production of proof of service of a notice of trial. No proceedings were ever taken to punish the defendant for contempt for failure to make any payments of alimony which he had been ordered to pay. It was stated by counsel for the defendant that plaintiff had waived any stay because of the fact that a default had been taken by the defendant against the plaintiff and the complaint dismissed, and that on plaintiff's application the defendant consented to restore

the case, and that thereby the plaintiff waived her stay. The court announced its disagreement with such contention of the defendant, and that the court would not permit the defendant to testify at the trial if he had made default in the payment of temporary alimony, and held that the plaintiff had not waived the stay, to which counsel for the defendant duly excepted. Thereupon counsel for the defendant moved to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The court refused to entertain such motion, to which counsel for the defendant took an exception. The court, however, stated that it would not give counsel for the defendant an exception and that it could not hear counsel in behalf of the defendant because he had not obeyed the order of the court, and, therefore, could not be heard; that the trial was stayed on the part of the defendant, and that the plaintiff could go right ahead and take an inquest. Thereupon counsel for the defendant took an exception and withdrew from the trial. Proofs were then presented to the court in support of plaintiff's claim of misconduct on the part of the defendant entitling her to a decree of separation. Thereon the court made its decision in favor of the plaintiff and against the defendant, awarding judgment in favor of the plaintiff. The defendant duly excepted to the findings of fact and conclusions of law contained in the court's decision. Judgment was entered upon the decision separating the plaintiff from the bed and board of the defendant.

I think the judgment should be reversed and a new trial directed. Before one can be punished for a civil contempt a direct proceeding must be taken for that purpose. The Judiciary Law (§ 757) prescribes the procedure for the punishment for a civil contempt. The proceeding is instituted by an order to show cause or by a warrant to attach the offender. The only punishment that can be visited upon him, if found guilty, is a fine and commitment to jail in default of the payment of the fine imposed. No such proceeding was ever taken against the defendant. But at the trial, because of his failure to pay the alimony ordered, he was penalized by a denial of the right to appear in defense of plaintiff's claims. While defendant's failure to obey the order requiring him to pay the plaintiff alimony *pendente lite* undoubtedly stayed any affirmative act on his part, the court was without authority to deny the defendant the right to question the sufficiency of the plaintiff's proofs and to interpose any defense he might have had to plaintiff's cause of action. The defendant did not bring the action to trial, and took no affirmative action whatever. All the defendant sought to do was to defend himself against plaintiff's affirmative

**318** Cardo Drug Co., Inc., *v.* Chatham & Phenix Nat. Bank.

First Department, February, 1926. [Vol. 215

action. In *Sibley* v. *Sibley* (76 App. Div. 132) this court held that in an action brought by a wife against her husband for separation the court was powerless to punish the husband's refusal to obey the order directing him to pay alimony and counsel fees *pendente lite,* by striking out his answer and refusing to allow him to defend the suit. In the case at bar defendant's answer was never stricken out and stood in the case at the time plaintiff's proofs were presented. This court held in the *Sibley* case that such a denial by the trial court operated to deprive the defendant of property without due process of law and violated the provisions of the Federal Constitution. Mr. Justice Laughlin, writing for a unanimous court in *Sibley* v. *Sibley* (76 App. Div. 132, 135) said: "The defendant did not institute the action and he did not ask that it be tried. The plaintiff forced it to trial against his will and a judgment resulted which deprived him of property without his having been heard in defense of his rights. This the Supreme Court of the United States has quite recently unanimously decided may not be done. (*Hovey* v. *Elliott,* 167 U. S. 409.)" This court reversed the judgment which had been rendered in the *Sibley* case and ordered a new trial.

The judgment appealed from should be reversed, and a new trial granted, without costs.

Clarke, P. J., Dowling, McAvoy and Burr, JJ., concur.

Judgment reversed and new trial granted, without costs. Settle order on notice.