[Civ. No. 786. Fourth Appellate District.—June 30, 1932.]

LILLIAN EARLE HALL, Petitioner, v. SUPERIOR COURT OF RIVERSIDE COUNTY et al., Respondents.

A. Brigham Rose for Petitioner.

Neil S. McCarthy, Earl L. Banta, Howard P. Hall and Saul Ruskin for Respondents.

SCOVEL, J., *pro tem.*—Prior to the institution of the proceeding herein sought to be reviewed, Thomas H. Lipps et al. filed an action in the Superior Court of Los Angeles County against Lillian Earle Hall, petitioner herein, and others. Thereafter Thomas H. Lipps, desiring to take the deposition of petitioner, filed in the Superior Court of Riverside County a verified application for subpoena to take deposition, reciting the pendency of the foregoing action, alleging that Lillian Earle Hall "now resides" in Palm Springs in Riverside County and requesting that a

subpoena issue commanding her to appear before L. B. Caldwell, a notary public in the city of Riverside, on January 18, 1932. The application was supported by an affidavit reciting "that Lillian Earle Hall has appeared in said action and said action is at issue as to her". Thereupon a subpoena was issued by the Honorable George R. Freeman, judge of the Superior Court of Riverside County, ordering that Lillian Earle Hall appear before such notary in the city of Riverside in Riverside County on January 18, 1932. The subpoena was duly served on petitioner at Palm Springs and proper notice of the taking of the deposition served upon her attorneys. Lillian Earle Hall failed to appear before the notary on January 18, 1932, for the taking of the deposition.

Thereafter Thomas H. Lipps filed in the Superior Court of Riverside County his application, supported by an affidavit, reciting the filing of the above-named documents, service of the subpoena upon Lillian Earle Hall and notice of the taking of the deposition upon her attorney, upon which application an affidavit and order to show cause was issued directing Lillian Earle Hall to appear before said court to show cause why she should not be held in contempt by reason of her disobedience to said subpoena.

In response to the order to show cause, Lillian Earle Hall duly appeared by her attorney and filed an affidavit reciting that Palm Springs is sixty-five miles from the city of Riverside; that she had failed to obey the subpoena upon advice from her attorney and that the court had no jurisdiction to issue the same. It was further alleged in the affidavit that she was a registered voter and resident of Los Angeles County and that her place of residence was 2302 Budlong Avenue in the city of Los Angeles.

At the hearing upon the order to show cause evidence was introduced showing that Lillian Earle Hall was served with the subpoena at the Del Tahquitz Hotel in Palm Springs; that during the past three years she had had an apartment in the hotel, kept her clothes and belongings there, and at the time of the hearing was still living in the apartment; that she then and for three years prior thereto had owned and operated a beauty shop in the hotel.

The court thereupon ordered that Lillian Earle Hall be adjudged guilty of contempt and that she pay a fine of

$100.  Thereafter Lillian Earle Hall filed her petition in this court for a writ of review praying that the foregoing judgment .of the Superior Court of Riverside County be annulled.

Petitioner contends that the application and affidavit upon which the order to show cause was issued are fatally defective in that neither sets forth the place of residence of Lillian Earle Hall at the time the subpoena was served upon her, or at any other time.  We are of the opinion that the contention must be sustained.  Section 1989 of the Code of Civil Procedure provides that ''a witness is not obliged to attend as a witness before any court, judge, justice, or any other officer, out of the county in which he resides, unless the distance be less than fifty miles from his place of residence to the place of trial''.  It thus appears that a limitation upon the territorial force and effect of a subpoena issued from a court of record is made where it is sought to compel a witness to attend outside of the county wherein he resides.  If, however, the witness is a resident of the county within which his attendance is sought he may be compelled to attend anywhere within the county. The subpoena issued herein ordered Lillian Earle Hall to appear before a notary in the city of Riverside in Riverside County.  If she were a resident of Riverside County any failure on her part to obey the subpoena would constitute a contempt.  If, however, she were a resident of a different county, failure to obey the subpoena would only constitute a contempt if her place of residence in such other county were less than fifty miles from the city of Riverside, where the subpoena ordered her attendance.

It will be noted. that the application and affidavit upon which the order to show cause was issued, and pursuant to which the judgment of contempt was based, wholly failed to allege any place of residence of Lillian Earle Hall. ''Proceedings in contempt are of a criminal nature and no intendments or presumptions are to be indulged in in aid of the sufficiency of a complaint.''  (*Frowley* v. *Superior Court,* 158 Cal. 220, at 224 [110 Pac. 817, 818].) In the absence of any statement showing that she was either a resident of Riverside County, or that if she were a resident of another county the distance from her place of residence to the city of Riverside did not exceed fifty

miles, it must be concluded that the application and affidavit did not state facts showing a contempt; nor did the fact that at the hearing upon the order to show cause evidence was produced tending to prove that her residence was actually in Riverside County cure the defect.

It was stated in *Hutton* v. *Superior Court,* 147 Cal. 156 [81 Pac. 409, 410], that, "It is well settled that where the contempt is committed without the presence of the court, the affidavit of facts forming the basis of judicial· action must show upon its face a case of contempt; and if it does not, the court is wanting in jurisdiction, and the order of contempt is void and will be annulled on *certiorari.* (*Overend* v. *Superior Court,* 131 Cal. 280, 286 [63 Pac. 372]; *Rogers* v. *Superior Court,* 145 Cal. 88 [78 Pac. 344].) In such a case, it is immaterial what may be shown to the court upon the hearing, or specified and found by the court in its decree adjudging the accused guilty of contempt. The proceedings are void *ab initio.* The affidavit or affidavits upon which the contempt proceeding is based constitute the complaint, and unless they, upon their face, charge facts constituting a contempt, the court is without jurisdiction to proceed." (See, also, *Frowley* v. *Superior Court, supra.*)

Since the proceedings and ·judgment of contempt are void for the reason herein stated, the other points raised by petitioner need not be considered.

The proceedings and judgment of contempt against petitioner are annulled.

Barnard, P. J., and Jennings, J., concurred.