## T. W. WARNER COMPANY

vs.

## ELEANOR U. ANDREWS, ET AL.

Superior Court          Fairfield County          File #52365

Present:   Hon. JOHN A. CORNELL, Judge.

Cummings & Lockwood,        Attorneys for the Plaintiff.

Slade, Slade & Slade,        Attorneys for the Defendants.

## MEMORANDUM FILED APRIL 12, 1937.

CORNELL, J. In the second count of its complaint the plaintiff alleges that the defendant, Archie M. Andrews, to hinder, delay and avoid the payment of a judgment of $550,-544.33 which the plaintiff was awarded against him in the United States District Court for the Southern District of New York, transferred and conveyed certain real and personal property to the defendant, Eleanor U. Andrews, his wife. It is asserted that as a result, defendant, Archie M. Andrews was made insolvent, and since the other defendant gave no consideration and participated in the fraudulent purpose claimed, the transfers and conveyances are voidable as to the plaintiff. The relief claimed based· on these allegations, is equitable. The burden of proof is, of course, on the plaintiff. **Doty, et als. vs. Wheeler, et als., 120 Conn. 672.**

From the instant motion, it appears that since the defendants reside twenty miles or more from the place of trial, it gave notice to the defendants that it would take their depositions in advance of the trial on a day and place named before a Commissioner of the Superior Court designated by it. **Gen. Stat., Rev. 1930, §5584.** It then issued a subpoena duces tecum to each of the defendants to appear and testify at such time and place and to bring with them and produce certain papers and writings. Neither of the defendants responded and after several continuances as a result of stipulations between counsel for each of the parties a final date, viz., February 20, 1937, was fixed when it was expected the defendants would be present. They again failed·to appear and have since neglected to do so. Neither of defendants are now in this state.

The motion is predicated upon a conclusion which plaintiff asks the court to draw from these subordinate facts, viz., that both of the defendants are in contempt of court. This determined, the plaintiff demands that the answer of each which is, in effect, a general denial be stricken from the file.

There are two reasons why the court cannot hold, even if it might be permitted to find that the refusal of the defendants to respond to the subpoenas was contumacious, that defendants are guilty of a contempt of court. The first arises from the court's inability to concede plaintiff's claim that the failure of the defendants to answer the subpoenas was in itself a violation of an order of court; the second is that no proceedings have been had, as a result of which the defendants have been found to be in contempt.

It is quite true that a subpoena is viewed as an order of court in the federal courts where though issued by the clerk, the judge's name printed below constitutes "the test of the writ". **Re: Aaron W. Simon, Bankrupt, 297 Fed. 942, 34 A.L.R. 1404, 1405.** Likewise, in other instances where the court or a judge, or clerk at the direction of the court or a judge thereof, issues the subpoena. **Blackmer vs. United States, 284 U.S. 421, 52 Sup. Ct. 252; in re: Steward, 29 Fed. 813; Johnson Steel Rail Co. vs. North Branch Steel Co. 48 Fed. 191.** So, also under like circumstances in state courts. **Hall vs. Superior Court, 124 Cal. App. 603, 12 P. (2nd) 1057; State vs. Howart, 107 Kan. 423, 191 Pac. 585.**

The theory underlying the opinions in such cases is that since the subpoena is issued by the court, it is the writ of the court and, hence, the order of the court. **Re: Simon, Bankrupt, supra.** Were this the fact in the instant case, it could not be held otherwise than that when the defendants, if properly served, failed to appear, they violated a court order.

The subpoena, here, however, did not issue from the court, but from a Commissioner of the Superior Court. If plaintiff's contention be granted (viz., that when it did issue it had all the character and quality of mesne process which Commissioners of the Superior Court are empowered to sign) it still appears that it was the exercise of a ministerial function, only, in contradistinction to a judicial act. **Yudkin vs. Gates, 60 Conn. 426, 429.**

The same distinction has been made in other jurisdictions in connection with proceedings for contempt. **Schmidt vs. Cooper, 195 Ill. App. 531, affirmed, 274 Ill. 243, 132 N.E. 641; Putterbaugh vs. Smith, et al., 131 Ill. 199; McIntyre vs. People, 227 Ill. 26, 81 N.E. 33.**

Upon the defendants' failure to appear the plaintiff might have invoked the provisions of **Gen. Stat., Rev. 1930, §5580.**

which, if the defendants were without valid excuse for their conduct, would have resulted in their being fined and com manded to obey the subpoena and to testify. **Pullen vs. Clackler, Sheriff, 162 Ga. 111, 132 S.E. 761.** The court order then made would be such that if the defendants neglected to act in accordance with it they might be brought before the court on contempt proceedings and if found guilty subjected to appropriate punishment. Only in this way or by some other proper means of calling the witnesses alleged recalcitrance to the court's attention and the court then making an appropriate order could the foundation for proceedings in contempt be laid. **McIntyre vs. People, Schmidt vs. Cooper, Putterbaugh vs. Smith, all supra;** see also, **Beebe vs. Equitable Mutual Life Assurance Society, 76 Iowa 129, 40 N.W. 122; Walker vs. Walker, 82 N.Y. 260; Park vs. Park, 80 N.Y. 156; People vs. Henriques & Co. 267 N.Y. 398,** in all of which the basis of the contempt was the alleged violation of an order issued by the court.

No attempt has been made to bring the defendants before the court to make them amenable to its processes. The instant motion, although it suggests that the defendants be found to be in contempt is insufficient for the purpose since it fails to follow the procedure outlined in **Gorham vs. New Haven, 82 Conn. 153, 156,** whereby the defendants are given notice and an opportunity to be heard.

For the reasons noted it is found that the defendants are not in contempt of court for refusal to obey the subpoenas duces tecum. From this it follows, too, that the premise upon which the plaintiff bases its claim for the relief asked, viz., that defendants' answers be stricken from the file is nonexistent because this predicates upon the assumption that the defendants are or may be found in contempt of court.

Even if it could be assumed, however, that the defendants are in contempt of court for failure to obey the subpoenas in question, still, according to the decided weight of authority, the court would be powerless for that reason, alone, to strike their pleadings from the file. Punishing a contempt is one thing; depriving a party of the right to submit a defense to a complaint and thereby subjecting him to damages, irrespective of the merits of such defense, is quite another.

Plaintiff's fundamental thesis may be granted. It is that a court must possess power to require the presence of wit-

nesses and to force such persons to testify concerning a cause pending before it since, without it, it would lie in the caprice of essential witnesses to frustrate its functioning. The answer is that courts do possess such power and will exercise it upon appropriate application to them.

The premise that plaintiff adopts from this proposition is, however, a non sequitur. This is that in the exercise of its function to compel the appearance of witnesses and their giving testimony, a court of equity has inherent power to strike a party's pleading from the file and default him, if in contempt of an order of court, he refuses to appear or to testify. There is, to be sure, some authority for this contention, largely due to the influence of the holding in the case of **Walker vs. Walker, 82 N.Y. 260.** See **Bennett vs. Bennett, 15 Okla. 286, 81 Pac. 632, 70 L.R.A. 864; Glass vs. Clark, 87 N.Y. 222; Shelp vs. Morrison, 13 Hun 110; Bonesteel vs. Lynde, 8 How. Pr. 226; Gaughe vs. Larache, 14 How. Pr. 451; Barney vs. Barney, 6 D. C. 1; Haskell vs. Sullivan, 31 Mo. 435; Clark vs. Clark, 13 Daly 497; Quigley vs. Quigley, 45 Hun 23, 9 N.Y.S. 486; Knott vs. Knott, 6 App. Div. 589, 39 N.Y.S. 804; Peel vs. Peel, 50 Iowa 521; Zimmerman vs. Zimmerman, 7 Mont. 114, 14 Pac. 605; Brisbane vs. Brisbane, 34 Hun 339; Mahoney vs. Dwyer, 84 Hun 348, 32 N.Y.S. 346.**

However insofar as the rule enunciated in **Walker vs. Walker, supra,** applies to a defendant, it is repudiated by the Supreme Court of the United States (Mr. Justice White) in a searching examination of precedents from the most ancient beginnings of equity jurisprudence. **Hovey vs. Elliott, 167 U.S. 409.** It is there held, in effect, that while equity will not stir to assist a plaintiff nor a defendant seeking affirmative relief or otherwise invoking the "favor" of a chancellor, while he remains in contempt of his orders, it has no inherent power to strike a defendant's pleadings from the file and default him insofar as these describe a defense to the merits of an action.

In addition it is adjudged that the defaulting of a defendant after striking out his pleadings, as, and only as, a punishment for contempt, constitutes a denial to him of due process of law and so, offends against the Fourteenth Amendment of the Constitution of the United States. The opinion in **Hovey vs. Elliott, supra,** is approved and its rationale followed in **Hammond Packing Co. vs. Arkansas, 212 U.S. 522,** where it

is pointed out that the constitutional requirements, however, may be satisfied where, by statute, the court is authorized to strike a party's pleadings from the file and default him for failure to obey its order, if such statute, by its express terms, provides, or its meaning as fixed by judicial construction in the local state is such, that it creates a presumption of fact, "as to the bad faith and untruth of a defense by reason of suppression of material evidence." Hammond Packing Co. vs. Arkansas, supra. The court carefully distinguishes such a situation from one where the sanction for defaulting a party is sought to be found in a court's authority to inflict a punishment for disobedience of its commands. It is conceded that there is no statute of the character under examination in Hammond Packing Co. vs. Arkansas, supra, and no such rule of court in this State, unless the latter be Practice Book, §68. This, however, is limited to pleadings and the failure of a party to comply "with an order or rule" with respect thereto. Even if misconstrued to comprehend such a situation as is otherwise present here, it would be inapplicable, since, as pointed out, supra, no rule or order of court has been entered failure to comply with which might afford occasion to find contempt and no contempt has, in fact, been adjudicated.

Since the decision in Hovey vs. Elliott, supra, its doctrine has been largely followed both as respects its holding concerning the lack of inherent power in a court of equity to strike a party's pleadings from the file because he is in contempt and as regards its pronouncement that such action as applied to a defendant pleading to the merits, is unconstitutional. Foley vs. Foley, 120 Cal. 33, 52 Pac. 122, 65 A.L.R. 147; Gordon vs. Gordon, 141 Ill. 160, 30 N.E. 446, 21 L.R.A. 387; Hutchinson vs. Hutchinson, 126 Ore. 519, 270 Pac. 484, 62 A.L.R. 660.

However, the conflict between the holding in the case of Walker vs. Walker, supra, and that in Hovey vs. Elliott, supra, gave rise to what has been termed the "majority" and the "minority" rules. An annotation on the subject insofar as it applies to divorce cases appears in 62 A.L.R. 663. Even in New York, however, the decision in Hovey vs. Elliott, supra, insofar as it relates to the question of due process of law is now followed, and to that extent, at least, the doctrine of Walker vs. Walker, and other cases in that jurisdiction of like purport are considered as no longer authoritative. Sibley vs. Sibley, 76 App. Div. 132, 78 N.Y.S. 743; Maran vs.

Maran, 137 App. Div. 348, 132 N.Y.S. 2; Landy vs. Landy, 215 App. Div. 316, 313 N.Y.S. 871. See, also, People vs. Henriques & Co. 267 N.Y. 398.

As will be apparent from the foregoing discussion, the following conclusions are reached: (1) that the subpoenas duces tecum were not orders of the court; (2) even if the subpoenas were orders of the court, the defendants are not in contempt since no finding that they are in contempt has been made and no proceeding instituted for that purpose; (3) if the defendants were in contempt, still the court could not strike their respective answers from the file merely as a punishment for such contempt, because to do so would violate the Fourteenth Amendment to the United States Constitution.

Motion denied.