## MONROE COUNTY COURT.

### SYLVESTER WILCOX agt. DAVID HARRIS.

*Practice—Supplementary proceedings—Contempt.*

When an order is issued by a judge having jurisdiction the person upon whom it is served has two paths to pursue, and only two, if he desires to avoid contempt of court. He must either obey it, or procure it to be set aside. Even if it be erroneous he has no right to disregard it.

Questions which arise in the presence of the referee and in the course of the proceeding, and which he has not authority to settle, may very properly be brought at once before the judge who granted the order; but questions arising away from the referee and touching the validity of the order itself are entirely different in their nature and do not belong to the proceeding before the referee, nor can they properly be raised there.

On an application to punish a party for contempt in disobeying an order, to her directed as a third party in supplementary proceedings, it is no excuse that she appeared and objected that no legal service of the order had been made upon her. The plaintiff having proof of service sufficient on its face the respondent will avoid the service only by the same application that would avoid the order itself. She has no right to meet that proof of service by a counter-affidavit before the referee, nor ask that she be examined there or before the judge who granted the order personally on that subject.

*Before* JOHN S. MORGAN, *Special County Judge, July* 26, 1880.

APPLICATION to punish Anna Maria Harris for contempt in disobeying an order, to her directed as a third party in supplementary proceedings.

It appears by the report of the referee that upon the return of the original order, to her directed, Mrs. Harris appeared with counsel and objected that no legal service of the order had been made upon her, as the signature of the judge who granted the order had not been shown or called to her attention at the time of service. To this fact she filed her affidavit

with the referee. The plaintiff filed an affidavit of the person who made the service showing proper service. Her counsel also raised several objections to the sufficiency of the affidavit upon which the order was granted, among which were :

First. That the affidavit did not comply with Rule 25, in that it did not state whether a previous application had been made.

Second. That the execution alleged to have been issued was more than five years after the recovery of the judgment, and no leave of the court was shown to have been obtained therefor.

Third. That it did not show sufficiently or properly that the person who made the affidavit had the right or authority to make the same.

Having raised these objections her counsel offered to go at once before the judge who granted the order and settle the questions raised. The counsel for plaintiff refused so to do and demanded that the party be sworn and the examination proceed. This was refused under advice of counsel, and the party is now brought before me to show why she should not be punished for contempt in refusing to obey this order. Her counsel offers as her excuse the objection above specified.

*W. F. Osborne*, for plaintiff.

*H. J. Sullivan*, for Anna M. Harris.

MORGAN, *J.* — It seems to me hardly necessary to consider here whether the objections to the affidavit upon which this order was granted would or would not have been good if properly raised. When an order is issued by a judge having jurisdiction the person upon whom it is served has two paths to pursue, and only two, if he desires to avoid contempt of court. He must either obey it or procure it to be set aside. Even if it be erroneous he has no right to disregard it (*Arctic Insurance Company* agt. *Hicks*, 7 *Abb. Pr.*, 204). There

Wilcox agt. Harris.

can be no doubt that the affidavit here was sufficient to give jurisdiction to the judge granting the order, even conceding that upon application or proper cause shown it would have been set aside; and the respondent having elected neither to obey it nor to have it set aside is as clearly in contempt. She had no more right to disobey the order in the presence of the referee than by refusing to appear before him at all. He certainly could not pass upon the questions raised, and she had no right to attempt to raise them before him, nor to ask that, having raised them before him, the plaintiff should go with her before the judge who granted the order and obtain a decision regarding them. Questions which arise in the presence of the referee and in the course of the proceeding and which he has not authority to settle may very properly be brought at once before the judge who granted the order; but questions arising away from the referee and touching the validity of the order itself are entirely different in their nature and do not belong to the proceeding before the referee, nor can they properly be raised there. If, therefore, the party desires to take his chances on the order being a nullity, he must also take his chance of committing contempt of court. The question as to the sufficiency of the service comes very largely within the rule above stated. The plaintiff having proof of service sufficient on its face the respondent will avoid that service only by the same application that would avoid the order itself. She had no right to meet that proof of service by a counter-affidavit before the referee, nor to ask that she be examined there or before me personally on that subject.

I am compelled, therefore, to hold that the respondent is guilty of contempt of court, but, inasmuch as the contempt seems to have arisen from a misconception of the proper practice in such cases rather than from intent, I am inclined to inflict only a very slight penalty and fine her ten dollars, costs of this application.

Let orders be prepared accordingly and directing the re-

spondent to appear and be examined as prescribed by the statute (*section* 296, *old Code*) before the same referee at a time and place to be fixed.