## John S. Butler v. Frederick Champlin.

### Gen. No. 12,104.

1. CONTEMPT—*what does not excuse refusal to obey order.* The fact that the order disobeyed was improvidently or erroneously granted, does not excuse its disobedience if the court had jurisdiction of the person and of the subject-matter and the order in question was not void.

Contempt proceeding. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed December 14, 1905.

JOHN S. BUTLER, appellant, *pro se;* LLOYD CHARLES WHITMAN, of counsel.

LYMAN M. PAINE, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

This is an appeal from an order entered May 27, 1904, finding appellant guilty of contempt in disobeying an order entered May 11, 1904, requiring him to deliver a certain certificate of life membership in the Chicago Athletic Association to appellee and committing him to jail for such disobedience.

When appellant was ruled to show cause he filed an answer, in which he attempted to justify his refusal upon the merits. The case of Champlin v. Butler, post, p. 41, in which the opinion is this day handed down, shows the facts and proceedings out of which this order grew.

In this case we are not concerned in the merits of the controversy as to the ownership of said certificate. The only question before us is, did the Circuit Court have jurisdiction of the person of Butler and of the subject-matter when it entered the order of May 11, 1904. This last named order was entered on a petition filed May 10, 1902, by Champlin against Butler. This petition was based upon a decree of the Circuit Court entered February 20, 1902, in a suit in chancery brought by Champlin against one Reiling and said Association, finding that said certificate belonged to Champlin and ordering Reiling to return the same. The petition alleged that Butler for years had been and was then the agent and attorney of Reiling; that on January 16, 1902, written demand for the surrender of said certificate had been made on Reiling, and that Butler is the custodian of said certificate and holds it as the agent of Reiling. The prayer is for a rule on Butler to show cause why he should not be attached for contempt of court.

Reiling moved to vacate the decree, and when that motion was overruled, he perfected an appeal to this court. Pending that appeal the petition of May 10, 1902, slumbered. March 26, 1904, the Branch Appellate Court affirmed the order of the trial Court denying the motion to vacate said decree. The proceedings, of which complaint is here made, then followed.

It is evident that the Circuit Court had jurisdiction of the person of Butler, and of the subject-matter, namely, the

power to order him to deliver up said certificate, when the order of May 11, 1904, was entered. That order is clearly within the scope of the petition of May 10, 1902.

Where the court has jurisdiction of the party and legal authority to enter the order, the person charged must obey, unless he can and does show that the decree upon which the order is founded is void. That the order was improvidently or even erroneously made is not a defense. Wilcox v. Harris, 59 How. Pr. Rep., 262; Leopold v. The People, 140 Ill., 552; The People v. Weigley, 155 Ill., 491; Clark v. Burke, 163 Ill., 334.

The decree of the Circuit Court is affirmed.

*Affirmed.*