## George Schmidt, Appellee, v. Paul W. Cooper (Impleaded), Appellant.

### In the Matter of the Appeal of Paul W. Cooper. Gen. No. 21,749.

1. DEPOSITIONS, § 2*—*when master taking proof acts as examiner.* A person holding the office of master in chancery who is appointed by order of a court to take evidence in a proceeding, acts under

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

such order merely as a commissioner or examiner under Hurd's Rev. St., ch. 51, sec. 24 (J. & A. ¶ 5541), providing for taking depositions in a chancery suit, and does not act thereunder as a master in chancery under Hurd's Rev. St., ch. 90 (J. & A.. ¶¶7364-7376), for which reason it is immaterial that at the time such order was entered issues had not been joined, nor any order of reference made.

2. DEPOSITIONS, § 2*—*when order of court not necessary.* Under Hurd's Rev. St., ch. 51, sec. 24 (J. & A. ¶ 5541), the complainant in a bill is authorized to take depositions to substantiate its averments before issues are joined, and without an order of court adjudging a necessity for so doing, and depositions so taken are in the nature of depositions *de bene esse.*

3. WITNESSES, § 200*—*when witness compelled to testify before commissioner.* A complainant may, on filing his bill, compel a witness to testify before a commissioner appointed by the court under Hurd's Rev. St., ch. 51, sec. 24 (J. & A. ¶ 5541), without an order of necessity or any showing of necessity other than that contained in the averments of the bill.

4. DEPOSITIONS, § 9*—*when scope of examination confined to averments of bill.* In taking the deposition of a witness in a chancery cause under an order of court entered in pursuance of Hurd's Rev. St., ch. 51, sec. 24 (J. & A. ¶ 5541), the examination of the witness must be confined to the averments of the bill, where such deposition is taken before issues are joined.

5. WITNESSES, § 202*—*when court of chancery has power to punish.* A court of chancery has inherent power to punish as for contempt any witness who refuses to obey an order of court.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 8, 1915. Rehearing denied December 21, 1915.

BRUNDAGE, LANDON & HOLT, for appellant; ROBERT N. HOLT, of counsel.

HELMER, MOULTON, WHITMAN & WHITMAN, for appellee; LLOYD C. WHITMAN and ROLAND D. WHITMAN, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This is an appeal by Paul W. Cooper from an order entered April 30, 1915, adjudging him guilty of contempt of court for failing to be sworn and give testimony before a master in chancery, acting as a commissioner in taking depositions, as provided in section 24, ch. 51, Rev. St. (J. & A. ¶ 5541), and committing him to the county jail until he should comply with the order of the court.

The facts are these: March 27, 1915, George Schmidt, appellee, filed a bill of complaint against Paul W. Cooper, *et al.*, touching the question of the ownership of fifty shares of the capital stock of the Riverview Park Company, a corporation, and praying, in substance, that the defendants be restrained *pendente lite* from selling, transferring or incumbering twenty-five of such shares, and that the pretended sale and assignment of said fifty shares, in so far as it affected twenty-five shares of such stock, be held to be null and void, and that upon a final hearing, the injunction be made perpetual, and for general relief. Upon the filing of the bill, summons was issued returnable to the May term of the Circuit Court. Cooper was served March 29, 1915. March 31, 1915, Schmidt caused written notice to be served on all of the defendants that on April 7, 1915, he would proceed before Roswell B. Mason, a master in chancery of the Circuit Court, to take the depositions of said Cooper and other witnesses. Proof of the service of said notice was made to the master on the same date, and he thereupon issued a subpoena in the usual form to said Cooper, commanding him to appear before the master at ten o'clock a. m. on April 7, 1915. At the time mentioned, Schmidt and his counsel appeared before the master. Cooper did not appear, whereupon, at the request of Schmidt, the master certified the facts to the court together with all documents. The parties appeared before the court and Schmidt presented the record of the proceedings before the master, and asked

for an order requiring Cooper to appear before the master and give testimony, and that clerk of the court issue a subpoena on Cooper. After delays and after argument of counsel, representing both parties, the court, on April 21, 1915, entered an order finding the facts as shown by the record made by the master, and ordered that Cooper appear before the master on April 26, 1915, at ten o'clock a. m., and that he be sworn and testify on behalf of the complainant; that the clerk of the court issue a subpoena commanding Cooper to so appear. A certified copy of this order and the subpoena of the clerk were served personally on Cooper the same day.

April 26, 1915, the matter came on for hearing before the master. Cooper did not appear, but was represented by his solicitor, who stated Cooper's position to be that the summons in the case was returnable to the May term; that some of the defendants had entered their appearance and filed demurrers which were undisposed of, although the defendants were willing to proceed with the argument before the court; that the proceeding then before the master was brought under the statute which provides that a party may, when necessary, take certain depositions before the issues are formed in a case; that there was no power under the statute, as he construed it, which authorized the court to compel a witness to appear and give testimony, but that the same could be done only by consent, and not by compulsion; that the case, as yet, had not been referred to the master, and under the law this could not be done until the issues were formed; that no evidence could be taken until issues were formed; that the only way Cooper could test his rights in the premises was to refuse to obey the order of court, and refuse to appear and testify; that Cooper had the greatest respect for the master and for the court, but for the reasons above mentioned, he would not appear. The master certified the pro-

ceedings to the court, showing, among other things, Cooper's position as stated by his counsel.

On April 27, 1915, the matter came on for hearing before the court, and an order was entered finding, among other things, the proceedings which had taken place before the master, and it was ordered that Cooper show cause, by April 30th, why he should not be attached for contempt of court for failure to appear before the master on April 26, 1915, as ordered by the court.

Cooper filed an answer which was supported by an affidavit of his counsel. They both set up Cooper's position, which was substantially the same as that taken by him before the master, as above set forth, and an additional objection was made that as the issues were not formed, it could not be known what evidence would be competent, and therefore he could not make proper objections so as to prevent a prying into his personal affairs, which would thereby be disclosed to persons who were extremely hostile to him, and that he could not be compelled to testify, as there was no law, statutory or common, which authorized such procedure.

Cooper also personally appeared in court at the time of the filing of his answer. Thereupon the court heard the matter and entered an order on the same date, and found all of the facts that had theretofore taken place before the court and the master, adjudged Cooper guilty of contempt of court, and ordered that he be committed. From this order, the present appeal is taken.

It is conceded that if the court had the power to enter the order in question, that all the proceedings taken before the master and the court were regular. No point is made that the bill does not state a cause of action. The question, therefore, that is squarely presented, is, can the court, under the facts of this

case, compel Cooper to testify before a commissioner on behalf of the complainant?

The contention of appellee is that the authority for the order finding appellant in contempt is based upon section 24, ch. 51, Rev. St. (J. & A. ¶ 5541), and the inherent power of a court of chancery to enforce the attendance of witnesses thereunder.

Appellee's position is that where a bill is filed which prima facie states a cause of action, the complainant has the right to have depositions taken to support the allegations of the bill, without any order of court, upon giving the notice required in section 24, *supra,* without issue being joined, and against the objection of the witness.

On the other hand, appellant contends that as section 36, ch. 51, Rev. St. (J. & A. ¶ 5553) has been declared unconstitutional, no deposition can be taken before issue joined without the consent of the witness. He further contends that the matter was not properly before the master, the cause not having been referred; that it could not be referred, as it was not at issue.

The general mode of examining witnesses in equity, formerly, was by interrogatories in writing, conducted before an examiner. The witness did not testify *viva voce* in open court as at law. 1 Daniell's Chancery Pl. & Pr. (5th Am. Ed.) *920; 3 Greenl. Ev., sec. 312; *White v. Toledo, St. L. & K. C. R. R. Co.,* 79 Fed. 133; *McClay v. Norris,* 9 Ill. 370. The common-law courts had no power to procure testimony by deposition. *Una v. Dodd,* 38 N. J. Eq. 460; *Amory v. Fellowes,* 5 Mass. 219. Before a deposition *de bene esse* could be taken under the early practice of the court of chancery in England, it was necessary, in every instance, to apply to the court and support the same by petition or affidavit, showing that the witness whose deposition was sought was above the age of seventy years, dangerously ill, about to go abroad, or in other cases which come within the same principle. If the court

was satisfied with the showing, an order was entered granting leave. This might be done even before appearance of the defendant. The examination was only a provisional measure to guard against the loss of important evidence before the cause was ripe for a regular examination, and the deposition, when so taken, could not be used without an order of court. 1 Daniell's Chancery Pl. & Pr. (5th Am. Ed.) *934-*940. This procedure has been greatly modified by the statutes of the several States. It is not necessary, in this State, to obtain leave of court to take the deposition of a witness in a chancery proceeding. Section 24, ch. 51, Rev. St. (J. & A. ¶ 5541); *Doyle v. Wiley,* 15 Ill. 576; *Sproule v. Samuel,* 5 Ill. 136. And it is now permissible to introduce oral testimony. Section 38, ch. 51, Rev. St. (J. & A. ¶ 5555).

Section 24 (J. & A. ¶ 5541), *supra,* enacted in 1845, is as follows:

"When the testimony of any witness, residing or being within this State, shall be necessary in any suit in chancery in this State, the party wishing to use the same may cause the deposition of such witness to be taken before any judge, justice of the peace, clerk of a court, master in chancery or notary public, without a commission or filing interrogations for such purpose, on giving to the adverse party or his attorney ten days' notice of the time and place of taking the same, and one day in addition thereto (Sundays inclusive) for every fifty miles' travel from the place of holding the court to the place where such deposition is to be taken. If the party entitled to notice and his attorney resides in the county where the deposition is to be taken, five days' notice shall be sufficient."

Section 36, ch. 51 (J. & A. ¶ 5553) provides that any commissioner taking a deposition where a witness who has been subpoenaed refuses to respond, may make a report of the same to the clerk of the Circuit Court, "and thereupon, attachment shall issue, out of said court against such offending witness, returnable forth-

with,. before the Circuit Court of such county * * * who shall hear and determine the matter in a summary way;'' and if the court finds that the refusal of the witness was wilful and without excuse, the witness may be punished accordingly. Our Supreme Court, in passing on this section, in the case of *McIntyre v. People,* 227 Ill. 26, said (p. 28):

"So much of it as authorized the circuit court or circuit judge to punish in a summary manner, by fine or imprisonment, a person who refuses to obey the subpoena of a notary public to appear and have his deposition taken or subscribe his name to his deposition in a case pending before a court in another State (Kansas) was unconstitutional, as contrary to section 9 of article 2 of our constitution." Citing *Puterbaugh v. Smith,* 131 Ill. 199.

Appellant's contention is that the court has no power, except by consent of the parties, to make an order of reference of a cause until the same is at issue, and that as the case at bar was not at issue, no order of reference could be entered; that, therefore, the matter was not properly before the master, and the proceedings were void. This contention is not applicable to the facts in the case. There is no contention that the case was referred to Mason as a master. In this case, Mason is not exercising the power of a master in chancery, as authorized in chapter 90, Rev. St. (J. & A. ¶¶ 7364-7376), but is acting simply as a commissioner or examiner under said section 24, just as a justice of the peace or notary public would act under the same section.

Appellant's position in the lower court was as above stated. In this court, he now urges an additional ground, viz., that appellee made no showing of necessity, as required by said section 24. This is urged for the first time in this court, and under a long line of decisions of the Supreme Court of this State, the point was waived. In view, however, of the fact that

the point has been argued by both sides in the printed briefs and on the oral argument, we will consider it.

In the case of *Doyle v. Wiley,* 15 Ill. 576, the court was considering the admissibility of depositions taken in a suit in chancery where, after they were taken, the bill was dismissed and a supplemental bill filed, the parties and issues being the same. The court there said (p. 577):

"The argument is, that at the time the depositions were taken, there was no issue to which they could apply. That as there was nothing yet to prove, the depositions were entirely irrelevant. That as the testimony was not relevant to any issue in the suit, perjury could not be assigned upon it, and hence it lacks one of the important safeguards against perjury, to which the party was entitled.

There was certainly no issue formed at the time the depositions were taken, but it does not follow that the depositions were necessarily irrelevant, or that perjury could not be assigned upon them. Depositions taken before an issue is formed are called *de bene esse* depositions, and have been always known to the courts of chancery in England and it was never heard that they should be treated as irrelevant, or that perjury could not be assigned upon them, because no issue was yet formed in the suit. It is true such depositions could not be taken without a special order of the court for that purpose. Nor, indeed, could any depositions be taken in a chancery suit, according to the English practice, without an order of the court for that purpose. Our statute, however, has changed the practice on this subject, and allows the party to take his depositions without any leave or order of the court. And the doubt with us has been, whether the statute dispenses with the order for taking depositions in all cases, or whether the order is still required for taking depositions *de bene esse* for there can be no doubt that the legislature never designed to prohibit the taking of such depositions altogether."

The court then quotes from section 24, *supra,* and also from section 34, ch. 51 (J. & A. ¶ 5551), which provides that depositions taken are competent evidence, and may be read the same as if the witness had been present in open court, and continuing, said (p. 578):

"The first section quoted (section 24, *supra*) was certainly designed to supersede the necessity for getting an order of the court for the taking of depositions, and there can be no good reason for saying that it was the intention of the legislature to dispense with such order in one case and not in another. Whenever the testimony of a witness shall be necessary in any suit in chancery, the statute says his deposition may be taken. The argument is, that no testimony is necessary till the answer is filed and an issue formed, so that it is certain that the complainant is obliged to prove some part of his case, and that it is only in case of such necessity that the statute authorizes any deposition to be taken; and that any deposition which is taken without such necessity is not sanctioned by law, and that the witness could not be convicted of perjury upon such deposition. This, we think, would be carrying the rule further than was designed by the legislature. We are inclined to hold that, when a party files a bill, the statute authorizes him to take depositions to substantiate its averments, and at least, until they shall have been admitted by the defendant, such testimony is necessary for the complainant; and that he may proceed to take his depositions *de bene esse,* if he chooses, without an order."

The Doyle case, *supra,* was approved by our Supreme Court in the case of *Harding v. American Glucose Co.,* 182 Ill. 551, where the court said (p. 590): "Complainants had the right, even before issue joined, to take depositions to substantiate the averments of their bill. (*Doyle v. Wiley,* 15 Ill. 576.)"

Appellant seeks to distinguish the *Doyle* case, *supra,* from the case at bar, in that there the depositions may have been taken by consent, and that what

the court said on the question of necessity was *obiter dicta.* In our opinion, the argument is untenable, and under the doctrine in the *Doyle* case, *supra,* we are constrained to hold that complainant, upon filing his bill, may compel the defendant to testify before the commissioner, without any order of court and without any showing of necessity other than as may appear from the bill. The wisdom or unwisdom of this law is a question for the Legislature and not for the court.

The answer to appellant's objection that if he is compelled to testify before issue formed, his private affairs may be illegally gone into, is that the examination should be confined to the allegations of the bill.

The remaining question to be disposed of is, Is there any law, either statutory or common, whereby the appellant may be punished for refusal to testify? That part of section 36, ch. 51 (J. & A. ¶ 5553) which provides that a witness may be punished for refusing to obey the subpoena of a notary public, as we have already said, is unconstitutional.

It is elementary that a court of chancery has inherent power to punish as for contempt any witness who refuses to obey an order of court. *Clark v. People,* 1 Ill. (Breese) 340; *People v. Wilson,* 64 Ill. 195. *People v. Cohen,* 163 Ill. App. 115. The power of courts to punish contempts is as incontestable as the fact that the court exists. *Una v. Dodd, supra.*

In the *McIntyre* case, *supra,* the facts were these: There was a chancery suit pending. A notice was given that the deposition of McIntyre would be taken before a notary public, the time and place being mentioned. A subpoena was served on McIntyre, and his fees paid. He refused to appear. The notary filed a report in the Superior Court of the facts. The court, after examination, found McIntyre guilty of contempt for such refusal, ordered an attachment issued and McIntyre brought before the court, which was done.

Afterwards, an answer was filed, setting up that said section 36 was unconstitutional and void. After hearing, the court adjudged McIntyre guilty of contempt and he was fined fifty dollars. In default of payment he was to be confined in the county jail. The court, after discussing the *Puterbaugh* case, *supra,* said (p. 29): "No order of any kind had been entered by the Superior Court as to the taking of this deposition, previous to the subpoena being issued by the notary public." The court then refers to the case of *Interstate Commerce Commission v. Brimson,* 154 U. S. 447, and in discussing the power of the court to impose a fine or to imprison to compel performance of legal duties, held that such power could only be exercised by a competent judicial tribunal having jurisdiction, and continuing, said (p. 30): "That such power cannot be committed to a subordinate or executive tribunal for final determination. In the case at bar the Superior Court adjudged appellant guilty of contempt, not for any act he had done in contravention of the judicial authority of that court, but for disobeying the subpoena of a notary public." The judgment was reversed and the cause remanded. In that case, the court clearly pointed out the difference between a refusal of a witness to obey the subpoena of a notary public and a refusal to obey an order of a court having power to enter the same. It will be noted that the punishment there was imposed for failure to obey the subpoena of a notary public. In the case at bar, appellant was punished not for failure to obey the subpoena of Mason, but for a failure to obey an order of the Circuit Court.

We therefore hold that appellant, in disobeying the order of the Circuit Court, was guilty of contempt, and that the court had the inherent power to punish him for said contempt. The order of the Circuit Court of Cook county will be affirmed.

*Affirmed.*