(No. 19389.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT MCLAUGHLIN, Plaintiff in Error.

*Opinion filed April 20, 1929.*

HARRINGTON, GOLAN & MCDONNELL, (JOSEPH T. HARRINGTON, and CHARLES P. R. MACAULAY, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and HENRY T. CHACE, JR., of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Robert McLaughlin, the plaintiff in error, was found guilty of contempt of court by the criminal court of Cook county, for which he was ordered committed to the county jail of Cook county for thirty days, and he has sued out a writ of error.

By his assignments of error plaintiff in error has raised constitutional questions which we do not find it necessary to decide because by his answer he purged himself of the contempt charged and the court should have discharged him without reference to any irregularities in the method of prosecution.

On May 14, 1928, Eugene McLaughlin was put upon trial in the criminal court upon an indictment charging him with assault with intent to commit a robbery. Walter J. Neumann was the prosecuting witness upon whom the assault was alleged to have been made by Eugene McLaughlin. The information against the plaintiff in error containing the charge of contempt was filed by the State's attorney on May 23, 1928, and alleged that "Robert McLaughlin, respondent herein, met the said Neumann in a barber shop in a public building in the city of Chicago and approached said Neumann in a threatening manner; that said Robert McLaughlin said to Walter J. Neumann in substance: 'You know 'Red' is my brother, and naturally I want to do everything in the world for him. It has been unfair and you have been unfair; so, therefore, think it over; anything I can do for you, I might do more good than harm.' That again in that same conversation the said Robert McLaughlin in substance said to Walter J. Neumann: 'When you are called as a witness in this case [re-

ferring to the case of People *vs.* Eugene McLaughlin] you testify that you do not know whether you did or did not have a revolver in your automobile at the time of the alleged assault.' And again in said conversation the said Robert McLaughlin said to Walter J. Neumann: 'I want you to be lenient with my brother and not be boasting.' And that in said conversation the said Robert McLaughlin told Walter J. Neumann to testify that he [meaning the said Neumann] had almost knocked Red down as he stood on the street and it started a fight. Your petitioner further represents that the said Walter J. Neumann agreed with the said Robert McLaughlin that when Neumann was called as a witness in said case he would testify that he did not know whether he did or did not have a revolver in his automobile at the time of the alleged assault. Your petitioner respectfully represents that said Robert McLaughlin by his actions in this regard endeavored to intimidate and coerce the said Walter J. Neumann so that he would not tell the truth as a witness in the case of The People of the State of Illinois *vs.* Eugene McLaughlin, and that the conduct of the said Robert McLaughlin in that regard was contemptuous and tended to impede the court in the due administration of justice." With the information were filed nineteen written interrogatories. The plaintiff in error filed his answer under oath on May 26, in which he specifically denied each of the charges alleged in the information and also answered under oath each of the nineteen interrogatories as follows:

1. "What is your name?—A. Robert E. McLaughlin.
2. "Where do you live?—A. 6414 Maplewood avenue.
3. "Are you related to Eugene McLaughlin?—A. Yes.
4. "What is that relationship?—A. Brother.
5. "Is Eugene McLaughlin the same Eugene McLaughlin who was indicted by the April, 1926, grand jury in the case 39977, said indictment charging Eugene McLaughlin with assault with intent to commit robbery?—A. Yes.

6. "Is Eugene McLaughlin the same Eugene McLaughlin who was indicted for murder, indictment No. 47787?—A. Am unable to state what the indictment number in the murder case was.

7. "Did you talk to Walter J. Neumann on Sunday, May 13, 1928?—A. Yes.

8. "Where did that conversation take place?—A. In a barber shop on Dearborn street between Washington and Randolph streets, Chicago, Cook county, Illinois.

9. "Did the said Walter J. Neumann, when you approached him, ask you whether or not this was to be a friendly meeting?—A. No.

10. "Did you know when you talked to Walter J. Neumann that he was the prosecuting witness in the case of The People of the State of Illinois vs. Eugene McLaughlin?—A. Yes.

11. "Did you say to said Walter J. Neumann in that conversation, 'You know Red is my brother; naturally I want to do everything in the world for him; it has been unfair and you have been unfair, so therefore think it over; anything I can do for you, I might do you more good than harm?'—A. No.

12. "Did you at another time in said conversation say to Walter J. Neumann, 'When you are called as a witness in this case, [referring to the case of People vs. Eugene McLaughlin,] you testify that you do not know whether you did or did not have a revolver in your automobile at the time of the alleged assault?'—A. No.

13. "Did you at another time in said conversation with Walter J. Neumann say, 'I want you to be lenient with my brother and not be boasting?'—A. No.

14. "And did you at another time in said conversation say to said Walter J. Neumann, 'You testify that you had almost knocked Red down as he stood on the street and it started a fight?'—A. No.

15. "Did Walter J. Neumann in the course of the conversation with you, had with him May 13, 1928, say to you that when called as a witness he would testify that he did not know whether he did or did not have a revolver in his automobile at the time of the alleged assault?—A. No.

16. "Did you in the course of that conversation ask Walter J. Neumann to so testify?—A. No.

17. "Did you in that conversation say to Walter J. Neumann, 'Mr. Neumann, you know it is a fact that my brother did not have a revolver on his person that day?'—A. Yes; Mr. Neuman said he did have a revolver, and I stated, 'I am not so sure about that.'

18. "In the course of the said conversation did you say to said Walter J. Neumann, 'Isn't it a fact, Mr. Neumann, that my brother was about to cross the street and your machine almost knocked him down, and as a result you both got into an argument?'—A. Yes, and Neumann stated, 'No, that is not the way it happened.'

19. "Did you in the course of that conversation request Walter J. Neumann to change his testimony in any particular?—A. No; I stated, 'When you go to the court to-morrow you be sure and tell the exact way it happened and don't let anybody persuade you and tell you what you should say,' and he said he would. I gave him my card and we shook hands and parted."

The plaintiff in error further answered, denying that "he at that time or at any other time requested the said Neumann, either directly or indirectly, or by any means whatever, to change his story or testimony, and denies that he at any time, either directly or indirectly, or by any acts or words, made a direct or veiled threat to the said Walter J. Neumann, but states that when they shook hands everything was friendly between them. This respondent further answering states the fact to be that the meeting on Sunday, May 13, 1928, was a chance meeting; that this respondent saw the said Walter J. Neumann on Dearborn

street, in the city of Chicago, county of Cook and State of Illinois, and when he entered the barber shop this respondent entered the said barber shop to talk to him about the case, as he had been advised and informed that he had a perfect right to do; that in said barber shop were various numbers of people, and that when he went in to talk to the said Walter J. Neumann he did so for the purpose of having the said Walter J. Neumann be fair to his brother and testify as to what actually took place and to not allow anybody to persuade him to testify to anything but the truth. This respondent further answering says that he at no time did anything that he did not have a perfect legal right to do, and denies that he did anything wrong or that he intended to do anything wrong, and states that nothing that he did can be construed as wrong but that all his acts in said barber shop at said time were right and honorable and consistent with his interest in finding out what the said Walter J. Neumann would testify when called to the witness stand."

The court in its order made the following findings: "That on the 13th day of May, A. D. 1928, the said contemner, Robert McLaughlin, met one Walter J. Neumann in a barber shop on North Dearborn street, in the city of Chicago and State of Illinois; that the said Walter J. Neumann was the prosecuting witness in the case of People of the State of Illinois vs. Eugene McLaughlin, indictment No. 39977, charge of assault with intent to commit robbery, which said case was to be called for trial the following day, namely, May 14, A. D. 1928; that the said Robert E. McLaughlin approached said Neumann with the view of having said Neumann testify contrary to the truth and the facts, and that the said Robert E. McLaughlin answered certain interrogatories propounded to him and which interrogatories are a part of this record. And the court further finds that among the interrogatories above referred to, the contemner, Robert E. McLaughlin, answered the

following interrogatory No. 17: 'Did you in that conversation say to Walter J. Neumann, 'Mr. Neumann, you know it is a fact that my brother did not have a revolver on his person that day?' And the court further finds that the said Robert E. McLaughlin answered said interrogatory as follows: 'Yes, Mr. Neumann said he did have a revolver, and I stated, 'I am not so sure about that.' The court further finds that another interrogatory propounded to the said Robert E. McLaughlin in words and figures as follows: 'In the course of the said conversation did you say to said Walter J. Neumann, 'Isn't it a fact, Mr. Neumann, that my brother was about to cross the street and your machine almost knocked him down, and as a result you both got into an argument?' And the court finds that the said Robert E. McLaughlin answered said interrogatory as follows: 'Yes; and Neumann stated, 'No, that is not the way it happened.' The court further finds that the contemner, Robert E. McLaughlin, at the conclusion of his talk with the said Walter J. Neumann as above set forth, he, the said Robert E. McLaughlin, handed his personal card to the said Walter J. Neumann with the purpose and intent that the said Walter J. Neumann would know where to reach the said Robert E. McLaughlin if the said Walter J. Neumann testified as the said Robert E. McLaughlin had suggested. The court further finds from the admissions made by the respondent, Robert E. McLaughlin, in his answers to the interrogatories propounded to him, filed in this court, that the said Robert E. McLaughlin endeavored to intimidate and coerce said Walter J. Neumann, who was a witness in the case of People of the State of Illinois vs. Eugene McLaughlin, and his actions in that regard were contemptuous and tended to bring the administration of justice in Cook county into disrepute and tended to impede the court in the due administration of justice."

The right to punish an offender for contempt of court is a right inherent in the criminal court of Cook county,

and when the act constituting such contempt is committed in the presence of the court, the court has the right to deal summarily with the offender and punish him without the hearing of any evidence. In such case the court acts upon its own knowledge. But where the contempt is not committed in the presence of the court, the court can act only upon a hearing and upon evidence. The distinction between criminal and civil contempts has been recognized in this jurisdiction since the decision in *Crook* v. *People,* 16 Ill. 534, and has been declared in numerous decisions since. When the contempt consists of something done or omitted in the presence of the court tending to impede or interrupt its proceedings or lessen its dignity, or out of its presence in disregard or abuse of its process, the proceeding is punitive or criminal, and the penalty is inflicted by way of punishment for the wrongful act and to vindicate the authority and dignity of the people as represented by their judicial tribunals. In such cases the defendant is tried upon his answer, alone. No other evidence may be heard. If the party charged shows by his answer under oath that he is not guilty of the contempt charged his answer is conclusive. If the answer is false the remedy is by indictment for perjury. The answer must be taken as true, and if sufficient to purge the party of the contempt he is entitled to be discharged. (*O'Brien* v. *People* 216 Ill. 354; *Hake* v. *People,* 230 id. 174; *Rothschild & Co.* v. *Steger Piano Co.* 256 id. 196; *People* v. *Seymour,* 272 id. 295; *People* v. *McDonald,* 314 id. 548.) The plaintiff having by his answer denied all the acts charged against him and all wrongful intent in his conversation with Neumann was entitled to be discharged.

The order is reversed. *Order reversed.*