Pennsylvania Tank Line, Appellee, v. Larkin F. Jordan et al., Defendants. Joseph H. McCabe, Appellant.

Gen. No. 34,850.

Heard in the first division of this court for the first district at the June term, 1929. ▮▮▮▮ Opinion filed March 2, 1931. Rehearing denied March 16, 1931.

FRANK H. REPETTO, for appellant.

MILLER, GORHAM & WALES, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This cause is one of five which were transferred to this court by the Supreme Court. In each case the defendant was adjudged guilty of contempt by the trial court and several appeals were taken to the Supreme Court and there consolidated for hearing. These appeals were prayed and allowed to the Supreme Court upon the theory that constitutional questions were involved. That court held to the contrary. *Pennsylvania Tank Line v. Jordan,* 341 Ill. 94. The same briefs are presented to this court that were filed in the Supreme Court, and the opinion of that court seems to dispose of practically every alleged error assigned and argued. The facts are fully stated in that opinion, and it will be unnecessary to repeat them here further than to say that on July 25, 1928, complainant filed its bill in chancery against defendants, asserting that it was engaged in the business of leasing tank cars owned by it and that complainant was a subsidiary of the American Republics Corporation; that for a period of time subsequent to June 4, 1918, defendant Jordan had exclusive direction and control of the operations of complainant's tank line, especially of its leases of tank cars; that about June 26, 1919, Jordan and certain other defendants entered into a conspiracy to obtain the profits of complainant by means of renting its cars to a fictitious lessee, and that to that end defendants organized the Woodlawn Company and used it as a dummy, thereby appropriating profits of complainant to the amount of $256,450. The bill prayed an accounting and that defendants might be decreed to hold this property obtained by them in trust.

On the same day the bill was filed a subpoena was issued by a master in chancery notifying defendants to appear before him and give their testimony in the case. They declined to appear except to assert that the master was without power or right to take their testimony. The master reported the facts to the court, and on petition of complainant defendants were ordered to

appear before the master and give their testimony. Again they refused, denying the power or authority of the master under the order, whereupon on further report of the facts by the master and on petition of complainant, a rule was entered upon defendants to show cause why they should not be attached and punished for contempt of court. Defendants filed their joint and several answer to the rule. The answer was adjudged insufficient. Thereupon each and all of the defendants were found guilty, and it was adjudged that each of them stand committed to jail until such time as he should appear and testify as directed or until he should be otherwise discharged from imprisonment by due process of law.

The Supreme Court having disposed of all constitutional questions, it remains for this court only to consider other errors assigned and argued. The contention of defendant McCabe seems to be that since defendants filed their several sworn answer in response to the rule to show cause, such answer must be taken as true, and that it is sufficient to purge the defendants of contempt. He cites in support of this contention *People v. McLaughlin,* 334 Ill. 354, which was a case for criminal contempt, and that is undoubtedly the rule to be applied in such cases. It is not applicable here, as will appear from an examination of a case relied on by defendant on another point. *Lester v. People,* 150 Ill. 408. This is a civil contempt.

It is contended in the next place that the bill of complaint stated a case at law rather than in equity, and that the statute under which the proceeding to compel defendants to testify was brought was not applicable and the court was therefore without jurisdiction. Defendants did not demur to the bill on that ground but answered, saving the point in their answer. Further, defendant McCabe filed a cross-bill stating a cause in equity and praying for affirmative relief.

Again, it is not argued that the relief prayed for by complainant in its bill could be given as fully and completely at law as in equity. Courts of chancery and law sometimes have concurrent jurisdiction, and in such case complainant may elect in which court he will proceed. Yet again, the bill alleges a fiduciary relationship on the part of some of the defendants, charges a general conspiracy by all of them to defraud and prays that defendants may be decreed to be trustees and that an account may be taken and general relief may be had. The suit was prima facie in chancery, and under the facts stated that court had jurisdiction. *Ohlendorf v. Bennett*, 241 Ill. App. 537; *Billboard Pub. Co. v. McCarahan*, 151 Ill. App. 227; *Crown Coal & Tow Co. v. Thomas*, 177 Ill. 534.

It is next urged that the subpoena of the master was issued before the bill was filed and that it was void for that reason. The bill was filed July 25, 1928, at 2:18 p. m., and the subpoena was placed in the sheriff's hands ten minutes later. These facts are hardly sufficient to establish that defense, but however that may be, defendants appeared before the master and stated their reasons in writing for refusing to testify. They did not state any objection upon the ground that the subpoena was prematurely issued, and that point must therefore be regarded as waived. *Miles v. Goodwin*, 35 Ill. 53; *Beecher v. James*, 2 Scammon, 462.

Again, it is urged that whereas the certificate of the master was made August 10, 1928, it was not filed until September 27 thereafter, and that the master did not appear in person to request that the rule to show cause might be entered. There was no reason for the personal appearance by the master in that regard. Such action on his part would have been unusual and perhaps subject to criticism. Moreover, the delay of which defendant complains was not in our opinion unreasonable in view of the fact that it occurred during

the summer vacation, at which time only emergency matters might be properly presented to the court. Defendant cites no authority on this point. We think none could be found.

But again assuming that the suit was pending in chancery, defendant contends that there was no necessity shown for taking defendant's depositions, and it is urged that this is required by section 24 of the Evidence Act, Cahill's St. ch. 51, ¶ 24. It is said that no necessity was averred in the bill; that the bill propounded no interrogatories and prayed no discovery; that neither in the bill nor in any affidavit attached thereto was there any attempt to show that which defendant contends was a prerequisite essential, namely, a necessity. It is further urged that the recitation in subsequent petitions of such alleged necessity could not cure that defect, and on this point defendant relies on *People v. Miller,* 245 Ill. App. 524. In that case it appeared that on June 22, 1926, Paul Miller and other defendants were found guilty of contempt for refusing to appear and testify before a master, and defendants were ordered committed to jail until such time as they might comply. The order directing them to testify was entered May 26, 1926, and the cause in which they were ordered to testify was begun January 12, 1921. In February thereafter the cause was referred to a master to take proofs and report his conclusions. These defendants had appeared before that master and testified at length. A second amended supplemental bill was filed March 23, 1926, and on April 6, 1926, Miller and others filed a joint and several answer. It was while the cause was thus pending that complainants caused subpoenas to be served requiring defendants to appear before a different master to give their depositions, but defendants did not appear. On May 26, an order was entered that they appear before this

second master on June 3, 1926. Again they did not appear, and on June 5th a rule was entered to show cause. On June 10, they answered alleging that they had testified fully before the other master; that an examination in that case had not been completed, but that 65 separate hearings had been held; that they all resided in Chicago, and that none of them intended to depart from the jurisdiction, but that they were ready and willing to testify before the master to whom the cause was referred; that the further taking of evidence in that cause had been set for June 18, 1926. Miller having appealed to this court, the appeal was considered by the Second division upon an *ex parte* hearing, as complainants did not appear or file any briefs. The court said in substance that under section 24 only such testimony should be taken by deposition as was "necessary"; that nowhere in the petitions of complainants nor by any facts stated or disclosed did it appear that it was necessary to take the testimony of defendants before the second master, or that the testimony sought was pertinent to the issues; that it clearly appeared that any proper testimony sought to be procured by complainants in the proceeding to take depositions could have been readily procured by the master to whom the cause was originally referred. The court further stated that it did not think that the decision in *Hill v. Thomas B. Jeffery Co.*, 292 Ill. 490, was contrary to these holdings.

The facts which we have already recited disclose that that case is easily distinguishable from the instant one. Moreover, complainants in that case did not appear in the Appellate Court or file any briefs. The case was therefore heard *ex parte*. The briefs did not point out nor the opinion consider a point which would appear to be controlling, namely, that there is a clear distinction between an order which is absolutely void

and one that is merely voidable or erroneous. The essential difference is that an order which is merely voidable or erroneous is not subject to collateral attack, while an order absolutely void for want of jurisdiction in a court which enters it is subject to attack at any place or time thereafter. Here, the orders of the court may or may not have been erroneous. Assuming that they were erroneous, nevertheless the court was not wholly without jurisdiction either of the subject matter or of defendants. Defendant thereafter could not successfully raise the question that the original order was erroneous in response to the rule to show cause. It has been so held in numerous decisions of this and the Supreme Court. *Butler v. Champlin,* 124 Ill. App. 29; *People v. Weigley,* 155 Ill. 491; *Leopold v. People,* 140 Ill. 552; *Swedish-American Tel. Co. v. Fidelity & Casualty Co.,* 208 Ill. 562. The distinction between void and voidable orders is thoroughly discussed in *Miller v. Rowan,* 251 Ill. 344.

It is well settled, contrary to the contention of defendant, that a defendant may be compelled to give his deposition before trial. *Doyle v. Wiley,* 15 Ill. 576; *Harding v. American Glucose Co.,* 182 Ill. 551; *Schmidt v. Cooper,* 195 Ill. App. 531, affirmed in 274 Ill. 243.

There is no reversible error in this record and the judgment of the trial court will therefore be affirmed.

*Affirmed.*

O'Connor and McSurely, JJ., concur.