CONSOLIDATED FASTENER CO. v. COLUMBIAN BUTTON & FASTENER CO.

(Circuit Court, N. D. New York. February 23, 1898.)

EQUITY—MASTER'S HEARINGS—JURISDICTION OUTSIDE OF DISTRICT.
    A master to whom a cause is referred has jurisdiction, in his discretion and for the convenience of the parties, to take testimony outside of the district of his appointment.

This was a suit in equity by the Consolidated Fastener Company against the Columbian Button & Fastener Company for infringement of a patent. The cause was heard on a motion for instructions to the master, to whom it was referred to take and state an account.

W. B. H. Dowse, for complainant.
Wetmore & Jenner, for defendant.

COXE, District Judge. The complainant's patent was upheld and a master was appointed to take and state the account. It is alleged, and not disputed, that all the defendant's books, papers and documents to be examined on the accounting are in the city of New York and that all of the witnesses as well as the counsel for the defendant reside there. Indeed, it would seem that no one connected with the accounting resides in this district save only the master himself. In these circumstances the master, intending to accommodate all parties and prevent the annoyance which might result from the removal of the defendant's books to this district, designated New York City as the place of hearing. It was stated at the argument that this ruling was acquiesced in and the accounting proceeded amicably for some time. The defendant now takes the objection that the master has no jurisdiction beyond the limits of the district of his appointment. The question thus presented for decision is whether a master appointed in the Northern district of New York has power to take testimony in the Southern district of New York. The precise point was decided in favor of the complainant's contention in Refrigerating Co. v. Gillette, 28 Fed. 673. The court went much further than is required in the case at bar and sustained the master's order providing for the taking of testimony at Liverpool and London.

The reasoning of the court in White v. Railroad Co., 24 C. C. A. 467, 79 Fed. 133, must it is thought, lead to a similar result.

The practice of permitting the master to take testimony outside the district of his appointment has grown up with the court until it is of almost universal application and its practical operation has been found simple, convenient and effective. I am not aware that the power has ever been exercised in an oppressive manner. Should a case arise where the master has abused his discretion the court will undoubtedly interfere, but until it does arise the court should hesitate long before destroying a system the wisdom of which, in its application to a vast majority of cases, must be admitted by all.

It does not appear that the master has made any ruling upon the question of costs. If he has, the ruling, as well as all others, can be considered upon the coming in of his report.

In all the acts complained of it is thought that the master has exercised his discretion and nothing more. The motion to instruct him is, therefore, denied.