## THE WILLIAM H. BAILEY.

(District Court, D. Connecticut. July 20, 1900.)

1. COURT COMMISSIONER—SITTING OUTSIDE DISTRICT.
   An award of damages on a reference in admiralty is not invalidated by the fact that the commissioner sat outside the territorial jurisdiction of the court.

2. COLLISION—SUIT FOR DAMAGES—EVIDENCE.
   Book entries introduced to show the earnings of a vessel prior to collision are not inadmissible because not authenticated as original entries, as would be required if they were introduced to prove an account.

3. SAME—EXEMPLARY DAMAGES.
   Exemplary damages are not recoverable in a suit in rem against a vessel for a maritime tort.

In Admiralty. On exceptions to commissioner's report.

James D. Dewell, Jr., for claimant.
Watrous & Day, for libelant.

TOWNSEND, District Judge. Exceptions by claimants to report of commissioner awarding $2,500 damages to libelant; being the amount claimed in the libel for cost of repairs to libelant's vessel, and motion by libelant for the assessment of $1,000, "in the nature of exemplary damages, to compensate libelant for expenses in this case." The facts herein, and the questions of law arising thereon, are discused in 100 Fed. 115.

There are four exceptions to the report. The first is so general that it need not be considered. The third exception was not supported by any objection taken on the trial, and is overruled. The fourth exception is on the ground that the commissioner sat outside the territorial jurisdiction of the court. This exception is overruled on the authority of In re Spofford (C. C.) 62 Fed. 443; Consolidated Fastener Co. v. Columbian Button & Fastener Co. (C. C.) 85 Fed. 54.

The second exception is as follows:

"In that the commissioner finds that the libelant was compelled to send for the cable-repairing steamer Mackay-Bennett, lying at Halifax, to pick up and repair the cable, and that the average running daily expense of said Mackay-Bennett in 1898 was $226.80; in 1899 it was $256.90; her insurance a day was $53.70; the coal cost $511.70 on the trip."

The point of this objection is that certain books and vouchers were produced by the libelant, but that there was no evidence on the part of the persons who originally made the entries therein as to their correctness, and that the absence of said persons was not accounted for. This objection is not properly raised by the exception. Furthermore, the libelant introduced other sufficient evidence which showed the charge per day for the use of the steamer Mackay-Bennett, and the rental value of such a vessel. But, irrespective of these considerations, there is no force in the exception. The evidence from the books was not introduced for the purpose of proving an account, but in order to show the earnings of the vessel prior to the collision, in accordance with the ordinary practice in such cases. The Conqueror, 166 U. S. 110, 127, 17 Sup. Ct. 510, 41 L. Ed. 937. The second exception is overruled.

On his motion for punitive damages, libelant cites The Amiable Nancy, 3 Wheat. 546, 4 L. Ed. 456; Gallagher v. The Yankee, Hoff. Op. 456, Fed. Cas. No. 5,196; Publishing Co. v. Monroe, 19 C. C. A.) 429, 73 Fed. 196; The Mascotte (D. C.) 72 Fed. 684; The Normannia (D. C.) 62 Fed. 469. These cases do not support his contention. In none of them were any exemplary damages allowed against the vessel. In the only case where exemplary damages were allowed (The Yankee v. Gallagher, Fed. Cas. No. 18,124), the proceeding in rem was dismissed on exception to the jurisdiction, and damages were awarded against the individual respondents under the proceeding in personam. In The Amiable Nancy the court held that, while the actual wrongdoers in the maritime trespass might be responsible in exemplary damages, the owners of the privateer were not responsible, beyond the actual loss or injury sustained. This case is cited and approved in Railway Co. v. Prentice, 147 U. S. 101, 13 Sup. Ct. 261, 37 L. Ed. 97, where it was held that a corporation is not liable to exemplary or punitive damages in the absence of evidence that it actually participated in or ratified such act, or was guilty of such willfulness or recklessness as amounted to criminality and should be punished. No case has been cited to support the claim that in a proceeding in rem the offending thing can be made to answer for damages other than those actually received. Nor is any reason perceived why such damages should be allowed. In proceedings in rem in the English admiralty the very fact that damage was caused by the willful misconduct of the master of a vessel is sufficient reason for dismissing the libel, inasmuch as the English admiralty treats the process in rem as a mere means to enforce the jus in personam. In the American admiralty a tort creates a maritime lien or privilege,—a jus in re. This lien or privilege, however, is only as security for actual damages for the wrong done, for which the ship herself is bound to make compensation. The John G. Stevens, 170 U. S. 113, 122, 18 Sup. Ct. 544, 42 L. Ed. 969; The China, 7 Wall. 53, 19 L. Ed. 67. In the present case the commissioner has awarded libelant the full amount of damages claimed in his libel. The report of the commissioner is accepted, and the motion for exemplary damages is denied.