## PACKARD v. HINES, Director General of Railroads.

District Court, S. D. New York.
June 22, 1920.

Peter Alexander, of New York City, for libelant.

Leonard J. Matteson, of New York City, for respondent.

L. HAND, District Judge.

In the view I take it is unnecessary to consider any other point than that of demur-

rage, because all the other items were on the argument conceded to be correct except that of eighteen hundred dollars for the tug, "Enterprise," and that is a proper charge except that the libelant asserts it to have been duplicated in calculating the demurrage. Regarding, as I do, the demurrage charge as erroneously calculated, it becomes unnecessary to consider this supposed duplication, and I pass, therefore, directly to the chief point.

 It is true that in the ordinary case of demurrage the hire of the vessel is a proper test, at least prima facie, The Margaret J. Sanford (C. C.) 37 F. 148, and if this were a case of a vessel under charter and nothing further appeared I should say that the libelant had made out a prima facie case and overrule the exception. But it is not such a case. The drill was not on hire and the basis of the recovery was not that she had lost her time while off hire, but that she was an instrument necessary to the creation of profit under a contract of her owner with the United States. This loss of profit was estimated upon a calculation of the amount of rock which she would have drilled during the period of her detention. In this respect the case is quite like The City of Alexandria (D. C.) 40 F. 697, and the proof fails for exactly the reason which moved Judge Brown in that case, i. e., the libelant has not shown that he was deprived of any profits under the contract because of the temporary detention of the drill. If he can on another hearing show that he has lost those profits, he may do so, and then will come up the question whether the profits under such a special contract, work for which the drill had apparently a monopoly or substantially a monopoly, is a proper basis for demurrage. Upon that question I express no opinion, as it may never arise. So far as appears on this record the award would be a clear windfall to the libelant extending his profits under this contract for a period of one month beyond what he would otherwise have gained. If so, the collision was a blessing in disguise. The North Star (C. C. A.) 151 F. 168; The Winfield S. Cahill (C. C. A.) 258 F. 318.

 The libelant may also prove demurrage, if he can, because of the necessary use of the drill for the added month, which will be necessary to complete the contract. Obviously, if he completes this contract within the prescribed period, his loss will be the profits which he would have made during that added month, if the drill were free. As the contract is not yet completed this must necessarily be somewhat speculative, but the market monthly hire of the drill if established would be a safe basis of computation, The Conqueror, 166 U. S. 110, 127, 17 S. Ct. 510, 41 L. Ed. 937, if drawn from her past experience or the opinion of experts. He must show two things in that case, first, that the drill would have been employed at all at the expiration of the contract. If, for example, her past history of four years of idleness be not explained, the case might fall within the rule in The North Star, supra, The Winfield S. Cahill, supra. That question must be left open. The second thing for him to prove is what would have been her fair prospective hire during that month. Obviously her monthly earnings under the present contract might be, and probably would be, a deceptive test for that, unless it appeared that she could be hired continuously at such figures. It is indeed hard to suppose that she can earn her full value every forty days.

The exceptions to the award of demurrage are sustained with leave to supply proof either that the detention prevented the libelant from realizing his profits under the contract, or, if he fails, the prospective hire of the drill during the added month necessary to complete. The cause will go back to the Commissioner for that purpose.

 I may say that the accountant's report was properly received, founded though it was upon the libelant's books. The William H. Bailey (D. C.) 103 F. 799, affirmed (C. C. A.) 111 F. 1006. The respondent may of course have an inspection of the books and attack them as it will, but if once proved to be kept in the course of business they may prima facie be used. Possibly that proof should be supplied, but no common law proof item by item as the respondent seems to require. The engineer's certificates are public documents, I think, and sufficiently proved. The question of interest will await the final award.

Exceptions to the award of demurrage sustained with leave to produce such new proof as the libelant may be advised.