## ACME CARD SYSTEM CO. v. REMINGTON RAND BUSINESS SERVICE, Inc.

District Court, W. D. New York.
Feb. 21, 1935.

Blum & Jacobson, of Chicago, Ill., Killeen & Sweeney, of Buffalo, N. Y., and Henry S. Blum, of Chicago, Ill., for plaintiff.

Bean, Brooks, Buckley & Bean, John R. Hazel, Edwin T. Bean, and Richard W. Treverton, all of Buffalo, N. Y., for defendant.

RIPPEY, District Judge.

On February 4, 1935, a petition was presented to this court by plaintiff that an order be granted directing the issuance of a subpœna duces tecum to Archie J. Bloodsworth to appear and produce certain books and papers before a commissioner on February 8, 1935, and, upon such petition, an order was granted and the subpœna was issued. Defendant now moves to vacate the order and quash the subpœna.

From the petition, it appears that on September 25, 1930, plaintiff filed its bill of complaint against defendant in the District Court for the District of Maryland to restrain defendant from infringing certain letters patent described in the complaint, and for an accounting. Issue was duly joined and the case was tried. A decree was entered on March 20, 1933, holding the patents valid and infringed, ordering that a perpetual injunction issue restraining defendant, its officers, etc., from infringing or contributing to the infringement of such patents and that plaintiff recover damages from defendant for the infringement complained of (3 F. Supp. 254). Defendant appealed to the Circuit Court of Appeals for the Fourth Circuit [71 F.(2d) 628]. There the decree of the lower court was modified to the extent of holding that claims 1 and 6 of U. S. Patent No. 1,594,112 were valid and infringed, but that other patents in suit were not valid. Defendant's petition for certiorari to the Supreme Court of the United States was denied (55 S. Ct. 236, 79 L. Ed. ——). The mandate of the Circuit Court of Appeals modifying the decree was entered by the District Court of Maryland on December 13, 1934. The petition further stated that Remington Rand, Inc., with principal place of business in Buffalo, N. Y., is the sole stockholder of defendant and that it is material and necessary to enable plaintiff to further prosecute the action for damages to procure the testimony of Price-Waterhouse & Co., a firm of certified public accountants

1002

with its place of business in Buffalo, who made an audit of the books of defendant and of Remington Rand, Inc., as to sales made by defendant of infringing articles and as to the manner and extent that Remington Rand, Inc., is the real party in interest, and that Bloodsworth is the manager of the auditors and resides in Buffalo, N. Y. The petition shows that Bloodsworth has in his possession or under his control papers and records necessary and material to the issues involved in the accounting.

Additional facts were presented by defendant by affidavit on this motion, to the effect that no modified decree has been entered by the District Court of Maryland upon the mandate from the Circuit Court of Appeals; that no master has been appointed to take testimony upon the accounting; and that no order has been made by the District Court of Maryland permitting plaintiff to take depositions under Equity Rule 47 (28 USCA § 723) or otherwise. Defendant contends that there is now "no issue pending determination before any master or court upon which the depositions of any witness, or the production of any books, statements, vouchers or other documents and exhibits, may be properly ordered by this court under the provisions of sections 863, 864 and 865 of the Revised Statutes [28 USCA §§ 639–641] or the Equity Rules, or otherwise," and that this court is without jurisdiction to order the issuance of the subpoena. By the decree of the District Court of Maryland, the cause was directed to be referred to a master to take and state an account of profits and damages and defendant was directed to attend before such master and produce all books, statements, vouchers, and other documents as the master might direct. The decision of the Circuit Court of Appeals does not modify or change that part of the decree of the lower court.

■ The point made by defendant that this court or the commissioner named to take the deposition of Bloodsworth could not determine the proper scope of the inquiry or the extent and nature of the records and documents to be produced, is without merit. It is the duty of the auxiliary court or judge within whose jurisdiction testimony is being taken in a suit pending in another district, unless the witness or the evidence is privileged or it clearly and affirmatively appears that the evidence cannot possibly be material or relevant, to compel the production of the evidence which one of the parties to the suit seeks to elicit and to leave it to

the primary court to determine whether the testimony taken is material, competent, or relevant. Dowagiac Manufacturing Company v. Lochren et al. (C. C. A.) 143 F. 211, 6 Ann. Cas. 573.

Notice in due form was given by plaintiff that it would take the testimony of Bloodsworth before John J. Sly, a notary public at Buffalo, where Bloodsworth resides, on February 1, 1935, at 10 o'clock a. m. The notice was in the action pending in the District Court of Maryland, and was dated January 23, 1935, and service was admitted on that day by defendant's solicitor of record. This notice was, by its terms, given in accordance with the provisions of sections 863, 864, and 865 of the Revised Statutes (28 USCA §§ 639, 640, and 641) and the Equity Rules. It was given within a reasonable time of the hearing. Apparently, the defendant and the witness ignored this notice. Otherwise, the ex parte order directing the clerk of this court to issue a subpœna would not have been sought. It is significant that this notice was given in the District Court where the action is pending.

■ An issue is pending undetermined in the District Court of Maryland between the parties hereto, and this court had jurisdiction to grant the order complained of. Issue was joined by filing the answer to the bill of complaint. The whole issue will not be determined until that court has entered its final decree, and that decree cannot be entered until the accounting required by the interlocutory decree has been disposed of. The next steps in the Maryland suit are the entry of an order or decree upon the mandate of the Circuit Court of Appeals and the appointment of a master to take the account. After those steps have been taken, the parties must file their accounts in debtor and creditor form. Beckwith v. Malleable Iron Range Co. (D. C.) 207 F. 848. The power of the master is extensive and complete. Equity Rule 62 (28 USCA § 723). Whether he may depart from his district and take testimony it is not necessary to decide. It has been held that he may. Consolidated Fastener Co. v. Columbian Button & Fastener Co. (C. C.) 85 F. 54. What steps must be taken to enforce his orders or directions, or whether the proceeding here is taken within the time limit specified in the rules, it is not necessary to determine. Plaintiff has failed to present any facts why the usual procedure to secure the testimony it needed should not be followed.

The motion must be granted upon the facts appearing in this case on the grounds that the attempted examination of Bloodsworth is premature, and that no reason appears why this court should now interfere, and without prejudice to such other or further proceedings after the appointment of the master, as plaintiff may be advised to take to secure needed testimony. So ordered.