**MELWIRE TRADING COMPANY, INC.,**
**Plaintiff-Appellant,**

v.

**M/V CAPE ANTIBES, etc., in rem;**
**and Aria Shipping Co., Ltd., in**
**personam, Defendants-Appellees.**

**No. 84–6644.**

United States Court of Appeals,
Ninth Circuit.

Oct. 22, 1987.

Joseph N. Mirkovich, Long Beach, Cal., for plaintiff-appellant.

David Woolley, Los Angeles, Cal., for defendants-appellees.

---

Before FLETCHER, NELSON and HALL, Circuit Judges.

### ORDER

The Opinion filed on March 3, 1987, 811 F.2d 1271 (9th Cir.1987), is amended by deleting the first full paragraph on page 5 of the slip (the last carry-over paragraph on page 1273 of the bound volume) and inserting the following:

It is well-established that breach of a shipping contract may give rise to a maritime lien.* G. Gilmore, *The Law of Admiralty*, § 9–20, at 630 (2nd ed. 1975). *See Osaka*, 260 U.S. 490, 43 S.Ct. 172, 67 L.Ed. 364. However, because a maritime lien is not a matter of public record, it will usually be created only when there is some damage to cargo actually carried by the vessel against which *in rem* jurisdiction is sought. *See The Saturnus*, 250 F. 407 (2d Cir.) (In finding that a maritime lien was not created for damages caused by a delay in loading, the court noted that American maritime liens have never been created "for an expense put on a shipper and not caused by physical damage to goods actually carried by the act of transport.") *cert. denied*, 247 U.S. 521, 38 S.Ct. 583, 62 L.Ed. 1247 (1918). *See also Osaka*, 260 U.S. at 500, 43 S.Ct. at 174 ("[N]o lien arises in admiralty except in connection with some visible occurrence relating to the vessel or cargo.") (quoting *The S.L. Watson*, 118 F. 945, 952 (1st Cir.1902)). The Supreme Court in a 5–4 decision in *Krauss Brothers Lumber Co. v. Dimon Steamship Corp.*, 290 U.S. 117, 54 S.Ct. 105, 78 L.Ed. 216 (1933) reinstated an *in rem* libel for claim

---

* Before the district court, appellant abandoned his claim sounding in tort. Accordingly, we do not address the line of cases dealing with liens arising from negligent delay.

for inadvertent overpayment and overcharging for freight. Commentators are divided as to how broadly that case should be read. Our view is that it would be confined essentially to its facts—a lien arises for overpayment of freight.