Ronnie SILVA; San Diego Marine Exchange; and James P. Coleman d/b/a Coleman Marine Diesel, Plaintiff,

v.

M/V FIRST LADY, in rem; Fishing Unlimited, Inc.; Mark J. Botta, debis Financial Services, Inc.; and Jeffrey Arcuri, Co–Trustee of the Arcuri Family Trust, Defendants.

and Related Complaints–in–Intervention.

No. 97–0718 JM(CGA).

United States District Court,
S.D. California.

March 30, 1998.

Jamee Jordan Patterson, Deputy Attorney General, San Diego, CA, for Plaintiff.

Tom Stahl, Asst. U.S. Atty., San Diego, CA, for Defendant.

AMENDED ORDER GRANTING DEBIS FINANCIAL SERVICE INC.'S MOTION UNDER RULE 12(b)(6); DENYING DEBIS FINANCIAL SERVICE INC.'S MOTION UNDER RULE 12(F); GRANTING PLAINTIFF'S 30 DAYS LEAVE TO AMEND

MILLER, District Judge.

The court issues the present order to clarify its order, entered on February 19, 1998, Granting debis Financial Service's Inc.'s Motion Under Rule 12(b)(6); Denying debis Financial Service Inc.'s Motion Under rule 12(f); Granting Plaintiff's 30 Days Leave to Amend ("Order"). The present order modifies lines 4:12–22 of the Order, corresponding to lines 4:18–5:1 in the present order. In all other respects, the Order remains the same. The corrected order is set forth below in its entirety.

debis Financial Services, Inc. ("debis"), one of the plaintiffs-in-intervention, moves to dismiss portions of the complaint pursuant to Rule 12(b)(6) and to strike portions of the complaint pursuant to Rule 12(f). Plaintiffs Ronnie Silva ("Silva"), San Diego Marine Exchange ("SDME"), and James P Coleman d/b/a Coleman Marine Diesel ("Coleman") oppose the motions. Defendants Fishing Unlimited, Inc. And Mark J. Botta have neither filed an opposition or a statement of non-opposition as required by Local Rule 7.1(f). The remaining plaintiff-in-intervention and co-defendant, Jeffrey Arcuri, co-trustee of the Arcuri Family Trust, has neither filed an opposition or a statement of non-opposition as required by Local rule 7.1(f). Having carefully considered the matter presented, the record before the court, and the applicable authority, the court grants debis' motion to dismiss, denies debis' Rule 12(f) motion as moot, and grants plaintiffs' 30 days leave to file an amended complaint from the date of entry of this order.

## BACKGROUND

Debis moves to strike and to dismiss all claims asserted against the vessel *in rem* and all claims asserted against debis. Plaintiffs assert the following four causes of action *in rem:* for seaman's wages (Count 1) and for necessaries (Counts 2 – 4). Plaintiff also asserts causes of action for breach of a maritime contract against Fishing Unlimited Inc. and Mark J. Botta (Counts 5 and 6); for unjust enrichment against intervenors debis and Arcuri (Counts 7 and 8); and for money due on an open book account against Mark J. Botta (Counts 9 and 10).

Plaintiff Coleman's lien, recorded on July 1, 1996, is for engine repairs to the vessel First Lady in the amount of $1,835. Plaintiff Silva's lien, recorded on December 5, 1996, is for wages due him for transporting the vessel from San Diego to Cabo San Lucas, Mexico in the amount of $1,325. Silva also asserts a claim for necessaries against the vessel as he advanced the vessel $125 to purchase necessary provisions. SDME asserts a lien against the vessel for the provision of necessaries in the amount of $3,970.06.

## DISCUSSION

### A. Legal Standards

When ruling on a motion to dismiss, the court must accept all material allegations of fact as true and must construe those allegations in the light most favorable to the non-movant. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.1983). If the complaint fails to state a claim, the court should grant leave to amend unless it appears beyond a doubt the plaintiff would not be entitled to relief under any set of facts proved. *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1309 (9th Cir.1982).

■ Courts grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988). Courts must construe the complaint in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir.1980). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986).

■ The defense of defect in a plaintiff's claim must appear on the face of the complaint: the court cannot consider material outside the complaint, such as facts presented in briefs, affidavits, or discovery materials. *McCalden v. California Library Assoc.*, 955 F.2d 1214, 1219 (9th Cir.1990). However, the moving party may refer to and attach to its papers, and the court may consider, documents to which the plaintiff refers to in the complaint which are not attached to the complaint. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994). The court may also consider any matter that is subject to judicial notice, such as public records. *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986).

### B. debis' Motion to Dismiss

#### 1. The First Cause of Action

The first cause of action asserts a claim by Silva for wages earned, but not allegedly paid. There is no question that Silva has a preferred maritime lien for seaman's wages, 46 U.S.C. § 31301(5)(D), and that upon sale of the vessel Silva's lien attaches to the proceeds from the sale. 46 U.S.C. § 31326. As the court interprets the arguments of the parties, the issue is whether a seaman's wage claim includes state law provisions for exemplary damages, California Labor Code § 203, or a mandatory award of attorney's fees and costs, Labor Code § 218.5, and whether these claims attach to the vessel. Harbors and Navigation Code § 493.

■ The court concludes that even if the California Labor Code is applicable, the damages are only available *in personam*, and not *in rem*. It is well established that a maritime action *in rem* is available "only in connection with a maritime lien." *Hunley v. Ace Maritime Corp.*, 927 F.2d 493, 496 (9th Cir. 1991) quoting *Melwire Trading Co., Inc. v. M/V Cape Antibes*, 811 F.2d 1271, 1273 (9th Cir.), *amended on other grounds*, 830 F.2d 1083 (1987). Conversely, claims that do not create a maritime lien "must be pursued *in personam*." *Id.* In concluding that punitive damages are not available in an *in rem* action, the Ninth Circuit observed:

> in a proceeding *in rem* the offending thing can[not] be made to answer for damages other than those actually received.... In the American admiralty a tort creates a maritime lien or privilege, a jus in re. This lien or privilege, however, is only as security for actual damages for the wrong done, for which the ship herself is bound to make compensation.

*Id.* quoting *In The William H. Bailey*, 103 F. 799 (D.Conn.1900), *aff'd mem.*, 111 F. 1006 (2d Cir.1901).

■ As such, neither Labor Code § 203, which imposes a punitive penalty on the employer, or Labor Code § 218.5, which requires the mandatory payment of attorneys' fees and costs, create maritime liens because the vessel cannot be made to answer for damages other than for those benefits actually received by the vessel. Damages *in rem* are limited to Silva's actual lost wages. Accordingly, as a matter of law, Silva cannot state an *in rem* claim under the Labor Code.

To the extent § 493 of the Harbors and Navigation Code purports to create a maritime lien for other than actual wage damages that are enforceable *in rem*, federal maritime law preempts its application. *See Oil, Chemical and Atomic Workers International Union v. Mobil Oil Corp.*, 426 U.S. 407, 96 S.Ct. 2140, 48 L.Ed.2d 736 (1976). Thus, Silva cannot state an *in rem* claim against M/V First Lady, other than for lost actual wages.

### 2. The Second, Third, and Fourth Causes of Action

The second, third, and fourth causes of action each seek to establish a maritime lien for the provision of necessaries to the M/V First Lady. Each of these claims is premised, in part, on Harbors & Navigation Code § 491 which purports to create a maritime lien for the provision of necessaries. The Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31301 *et seq.*, ("Act") however, prohibits such claims to survive *in rem*.

> This chapter supersedes any State statutes conferring a lien on a vessel to the extent the statute establishes a claim to be enforced by a civil action in rem against the vessel for necessaries.

46 U.S.C. § 31307. Under the statutory scheme, upon sale of the vessel each of plaintiffs' federal maritime claims are extinguished, 46 U.S.C. § 31326, and attach to the proceeds of the sale. Such attachment, however, is subject to the priority distributions set forth in the Act. Thus, upon sale of the vessel by order of this court (entered concurrently herewith), plaintiffs' federal maritime *in rem* claims asserted in the second, third, and fourth causes of action are extinguished and attach to the proceeds of the sale in the priority as set forth in the Act. Thus, Plaintiff's state law claims asserted in the second, third, and fourth causes of action are dismissed.

### 3. The Seventh and Eighth Causes of Action

Plaintiffs SDME and Coleman each assert a claim against debis for unjust enrichment based upon plaintiffs' provisions of necessaries to the M/V First Lady. The complaint alleges, in essence, that the provision of necessaries to the vessel enhanced the value of debis' security and therefore debis was unjustly enriched. This argument misses the mark. While debis indirectly benefited from the provision of necessaries to the vessel, the parties fail to cite any authority permitting a junior lienholder to assert a claim against a senior lienholder on an unjust enrichment theory. Based upon the complaint's allegations, the court concludes that plaintiffs fail, as a matter of law, to allege that debis was in any way unjustly enriched because of plaintiffs' provision of necessaries to the vessel and dismisses this claim with prejudice.

Plaintiffs assert that the court should permit leave to file an amended complaint based upon several theories including, among others, that debis acted negligently in permitting the vessel to deteriorate. The court hereby grants plaintiffs 30 leave to amend from the date of entry of this order.

Having carefully considered the matter submitted and applicable authorities, the court grants debis' motion to dismiss the *in rem* claims contained within counts one through four and dismisses counts seven and eight against debis; grants plaintiffs' motion for leave to file an amended complaint and denied debis' Rule 12(f) motion as moot.

**IT IS SO ORDERED.**